121 So.2d 175 (1960)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., a Corporation, Appellant,
v.
Leonard B. RANSON, Appellee.
No. 1611.
District Court of Appeal of Florida. Second District.
May 18, 1960.
Rehearing Denied June 8, 1960.
*176 Wm. C. Kaleel and Luke R. Kaleel, St. Petersburg, for appellant.
Philip S. Ware, Herman Goldner, Goldner & Carney, St. Petersburg, for appellee.
ALLEN, Chief Judge.
The appellee, as plaintiff below, brought an action under the declaratory judgment act for an interpretation of plaintiff's rights under an automobile insurance policy.
The pertinent facts are as follows: Plaintiff, Ranson, while driving his automobile in downtown St. Petersburg on December 12, 1955, allegedly struck the hand of a police officer who was directing traffic. The plaintiff contends that the first knowledge he had of this accident was on February 6, 1956, when he was served with a summons charging him with "failure to reduce speed to avoid a collision." On this date the plaintiff met officer Corbin, the officer that plaintiff allegedly hit, at which time Corbin told plaintiff that he hit his hand on plaintiff's car as plaintiff drove through the intersection where Corbin was directing traffic. After plaintiff posted bond, he apparently did not consider the incident worthy of reporting to his insurer, the defendant in this case.
On March 25, 1957, plaintiff received a letter from Corbin's attorney demanding *177 damages for injuries for Corbin's hand as a result of the incident on December 12, 1955. Plaintiff then notified the defendant of this letter and events leading up to the letter. An action was filed by Corbin for damages in the Civil and Criminal Court of Record on October 28, 1957.
The defendant insurance company disclaimed responsibility to defend this third party's suit against plaintiff because of the failure of plaintiff to comply with the provision of the insurance policy with regard to notice of the accident as soon as practicable.
Motions for summary judgment were filed by both the plaintiff and the defendant below.
The circuit judge entered an order on the 14th of September, 1959, in which he held with the plaintiff and decreed that the defendant-appellant insurance company was obligated to defend the plaintiff, Leonard B. Ranson, in the case of Richard E. Corbin, plaintiff, v. Leonard B. Ranson, defendant.
It was argued by the appellee before this court that the lower court determined as a matter of fact that the giving of the notice was within a reasonable time, and that the effect of the court's decree was that of a trial on the merits and not a summary judgment. We disagree with this theory of the appellee and hold that the court determined the question as a matter of law based upon the undisputed data before him.
The court, in its order, stated:
"This cause coming on this day to be heard upon the Bill of Complaint, Answer, Motions for Summary Final Decree of the plaintiff and the defendant, and the Stipulation of the parties of record herein dated September 9, 1959, the testimony of record herein, there being present before the Court counsel of record for the plaintiff and the defendant, and the Court being fully informed in the premises, Finds and Orders:
* * * * * *
"2. That pursuant to the Stipulation of September 9, 1959, there is no genuine material issue of fact, and the Bill of Complaint and Affidavits of the plaintiff of record herein set forth the facts of this cause, and the same are by Stipulation treated as if the same were testimony received in evidence, and the matter before the Court on final hearing and for entry of final decree.
"3. The Court finds as a matter of law that the words `as soon as practicable' as used in the defendant's contract of insurance with the plaintiff record herein requiring notice be given of an accident by the plaintiff-insured to the defendant-insurer, means that said notice should be given within a reasonable time under all of the circumstances and facts of each case, and that the duty to give notice does not arise until facts develop which would suggest to a person of ordinary and reasonable prudence that liability may have occurred. The duty to give notice at the time of the accident does not attach where the accident is trivial and there is no ground for reasonable belief that the accident involves any injury or possible claim against the insured.
"4. The Court further finds that the plaintiff, Leonard B. Ranson, under the facts and circumstances of this case gave notice of the alleged accident to the defendant within a reasonable time."
The insurance policy involved was attached to the complaint. It provided in part as follows:
"Conditions 1 to 12 inclusive apply to the coverage or coverages noted thereunder.

*178 "1. Notice of Accident-Coverages A, B and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.
"2. Notice of Claim or Suit-Coverages A and B. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
"3. * * *
"4. Action Against Company-Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."
Coverage A related to liability for bodily injury and Coverage B related to liability for property damage.
The motion for summary judgment filed by the plaintiff was on the ground that the pleadings and affidavits marked "Exhibits 1 and 2" show that there was no genuine issue of any material fact and that the plaintiff was entitled to judgment. One of the affidavits was by Richard E. Corbin, who was the officer directing traffic and he claimed to be injured, who stated that shortly after the accident he consulted a physician as to his injuries and that no treatment was considered necessary or was given to his right hand and wrist, and further that at the time of the meeting with Leonard B. Ranson in the St. Petersburg police station on February 6, 1956, he considered the injury to his right hand and wrist to be of little or no consequence, although it subsequently developed into a serious injury; that he did not inform Leonard B. Ranson that it was serious although he had had some minor discomfort at the time of the accident and shortly thereafter; that at no time after the meeting of February 6, 1956, until his attorney notified Ranson of his claim did he contact him in any way regarding his injuries.
The affidavit of plaintiff Ranson was, in substance, that he was not aware on December 12, 1955, of any accident in which he was involved nor did he become aware of such until he was served with a summons on February 6, 1956, alleging his failure to reduce speed to avoid a collision. On February 6, 1956, he had a chance meeting with Corbin at the police station and at that time Corbin's wrist and arm were apparently normal and the said Corbin was not of abnormal appearance nor did he otherwise seem injured; that at the time of the meeting at the police court that a police Lieutenant there told him and Corbin to shake hands and forget the matter; that because of the circumstances he did not believe he had been involved in anything of a serious nature and that there was or could be anything against him; that he informed the insurance company on March 25, 1957, of the claim against him.
Several affidavits were filed by attorneys stating the sums of money which they deemed reasonable as attorney's fees for the plaintiff. The lower court allowed $1,500 as attorney's fees for the plaintiff, which has been alleged as excessive by the appellee since the total liability under the policy would not exceed $5,000. We shall not further allude to attorney's fees since we shall reverse the court on the judgment in this case which will carry out the reversal of award of attorney's fees also.
*179 The defendant insurance company also filed a motion for summary judgment upon the pleadings, exhibits and depositions of the plaintiff.
A stipulation was filed by the parties on the hearing before the lower court, which is as follows:
"Mr. Goldner: It is stipulated and agreed by and between the Plaintiff and Defendant in open Court that the pleadings, affidavits, together with the deposition of the Plaintiff taken by the Defendant on August 7, 1959, shall be included as a matter of record in the file of this case and shall constitute the complete reflection of all of the facts applicable to this cause, and the motions of the Plaintiff and Defendant for Summary Judgment may be treated by the Court, together with the record in this cause, as all of the facts and evidence in said cause, and the same may be heard as if it were before the Court on final hearing, with the exception of the questions as to reasonable attorneys fees for the attorneys of the Plaintiff should the Court enter judgment in favor of the Plaintiff, which questions are reserved for further stipulation at that time, or evidence as to what constitutes reasonable attorneys' fees.
"The Court: I believe that the basic purpose of the stipulation has been overlooked in that it was my understanding between the counsel in this cause that the purpose of this stipulation was to clearly set up that there are no genuine material issues of fact existent in this cause and that the question before the Court is only one of law. Now, is that your understanding?
"Mr. Goldner: That is my understanding of what we have just stipulated to, and further agree that that is a part of the stipulation.
"The Court: That agreeable to you, Mr. Kaleel?
"Mr. Kaleel: Yes.
... ... ... ...
"I Hereby Certify the foregoing stipulation was made before me the 9th day of September, A.D. 1959, in Chambers, at St. Petersburg, Pinellas County, Florida.
 "s/ C.M. Kissinger, Circuit
 Judge."
It is plain to this court from the above stipulation, including the statement of the court and the understanding of the attorneys, that the decree of the court was a summary decree based on a question of law and not a final decree including a finding of fact and of law.
The deposition of the plaintiff taken by the defendant, as far as is pertinent, states:
"Q. Your signature appears on this complaint, Mr. Ranson, and I am reading to you from the complaint. A. You mean about what the Lieutenant said?
"Q. It says that you chanced to meet Richard Corbin, a then police officer, at the police station and the said Richard Corbin said that he was struck. A. Oh, yes.
"Q. In other words, he told you at that time that he was struck by your automobile, is that correct? A. No, he didn't say anything about being struck. He just said that he had hurt his hand.
"Q. Then this allegation contained in this complaint that is signed by you is not correct, is that right? A. Well, does it say there that he said he was struck?
"(Thereupon the complaint was exhibited to the witness by Mr. Kaleel.)
"The Witness: Well, he said that, the way I recall it, that in going by him *180 at this intersection that he put his hand out and hit the fender of my car with his hand. It wasn't a question of knocking him down or anything like that.
"Q. (By Mr. Kaleel) I didn't ask whether or not you knocked him down. I am asking whether or not he claimed that your automobile struck his hand. Is that correct? A. Yes, that is what he told me.
"Q. He told you that? A. Yes.
"Q. That is when you first learned of the accident, is that correct? A. Yes, sir, that is right.
* * * * * *
"Q. Was it possible for you to have notified a local State Farm Agent without any difficulty? A. Oh, sure.
"Q. They are available? A. There wouldn't have been any trouble whatever. If I had thought there had been an accident, I would have notified them immediately.
"Q. But it was your opinion that the accident should not have been reported, is that correct? A. There wasn't any accident.
"Q. That was your opinion? A. Yes.
"Q. Will you tell me why you deposited a ten dollar bond if you didn't think there was an accident? A. Well, because the lieutenant  that was the only charge, failure to stop to avoid a collision."
The deposition further brought out that the plaintiff was a former manager of the office of Equitable Life Insurance Company in Baltimore and he had worked with them for some 25 years, the last capacity being a sales-manager. He denied, however, that he would have any familiarity with an automobile liability policy.
The purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it. In the absence of a statute on this subject, provisions in the insurance contract requiring notice, and proofs of loss are generally held to be valid and binding. See 29A Am.Jur. Insurance, sec. 1374.
In Hartford Fire Insurance Co. v. Redding, 47 Fla. 228, 37 So. 62, 67 L.R.A. 518, 110 Am.St.Rep. 118, the Court held that where an insurance policy makes the furnishing of proofs of loss a condition precedent to the enforcement of the policy, and the proofs have been neither furnished nor waived, there can be no recovery on the policy. The court also stated that unless the failure to give notice of loss is made a condition precedent or a forfeiture is provided for, such failure to give notice would not per se defeat recovery on the policy.
In discussing the failure to give notice of disability under a life and disability insurance policy, the court observed in Gulf Life Ins. Co. v. Stossel, 131 Fla. 268, 175 So. 804, that an insurance company could unquestionably impose proper notice of disability as a prerequisite to recovery, and when so imposed, such provisions had been upheld. Aside from these two cases, the scope and effect of failure of insured to give timely notice to the insurer of an accident or loss does not appear to have been discussed or directly passed on by the courts of Florida.
The dearth of Florida law on this issue is matched, however, by an abundance of case law and textual treatment thereof from other jurisdictions. A distinction has been made by the courts between policies which expressly make compliance with the clause a condition precedent to the liability of the insurer under the policy, and those which omit such an express statement. It appears to be well settled that where the liability policy makes the insured's failure *181 to give timely notice expressly the ground of forfeiture, or compliance therewith a condition precedent to the insurer's liability no recovery can be had where timely notice has not been given. Annotation 18 A.L.R. 2d 443; 5A Am.Jur. Auto. Ins., sec. 151; 45 C.J.S. Insurance § 1055.
A policy provision as to the time when notice of an accident must be given such as "as soon as practicable," which is involved in the instant case, has been construed to mean that notice is to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case. See Phoenix Indemnity Co. v. Anderson's Groves, 5 Cir., 1949, 176 F.2d 246.
Inasmuch as the terms of the instant policy makes a compliance with the notice "as soon as practicable" provision a condition precedent to an action against the insurer we will confine our discussion to the cases involving policies that definitely provide that the requirements for notice are conditions precedent, and that no action shall lie against the company without compliance. This, of course, eliminates the conflicting cases involving a construction as to whether (1) the requirement for notice is simply a condition subsequent which will not defeat recovery in the absence of prejudice, or (2) such requirement is of the essence of the contract, constitutes a condition precedent, and noncompliance without waiver or excuse will defeat a recovery. This will further eliminate the mass of conflicting cases involving presumptions and burden of proof as to prejudice resulting from failure to comply with the requirements for notice to the insurer. Much of the conflict on the question of prejudice of the insurer can be reconciled in that many of the decisions turn upon a construction of the language of the policy while at the same time the above rule is recognized to be applicable, where the terms of the policy are clear and concise. Houran v. Preferred Accident Ins. Co. of New York, 109 Vt. 258, 195 A. 253. An illustrative case on this distinction is Southern Surety Co. v. MacMillan Co., 10 Cir., 1932, 58 F.2d 541, certiorari denied 287 U.S. 617, 53 S.Ct. 18, 77 L.Ed. 536, wherein the Court held that if the giving of notice is a condition precedent, the failure to give it according to the terms of the policy relieves the insurer from liability, but that in the case before the court the language of the contract could not be said to be unambiguous and to impose a condition precedent, and, therefore, no prejudice to the insurer being shown, recovery was allowed. This area of conflict has been well discussed in State Farm Mut. Auto. Ins. Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606, 615, 18 A.L.R.2d 431, and the two opposing views were stated extensively after which the court stated in regard to the contention that the right of recovery under the policy would not be barred by failure to give timely notice, unless the insurer had been prejudiced by such failure:
"* * * The arguments in favor of such rule seemed plausible and the rule itself appeared neither unfair nor inequitable, especially if it were coupled with the rule adopted in some jurisdictions that prejudice would be presumed and that burden of proof be upon the insured to overcome such presumption by a proper showing. As we have seen however, a careful consideration of the cases shows that in no case so holding did the policy contain a clause to the effect that the compliance with the requirements for notice was a condition precedent to recovery. It would be presumptuous on our part to establish a rule of law in this state which departs from the overwhelming majority of decisions throughout the United States." (Emphasis added.)
Aside from the majority of holdings denying recovery where the condition precedent of notice has not been complied with, the author of the annotation in 18 A.L.R. 2d 441, at page 454, cited numerous cases holding either expressly or by implication that a policy requirement as to giving notice and forwarding of suit papers is a condition *182 precedent even if the policy does not contain an express statement to this effect, and to deny recovery under the policy in the case of noncompliance with such requirement.
In Miller v. Zurich General Accident & Liability Ins. Co., 36 N.J. Super. 288, 115 A.2d 597, 600, certain derivative claimants on an automobile liability policy brought an action against the insurer and the named insured. The lower court had found against the claimants and they appealed on the question of whether three weeks was an unreasonable delay in reporting an accident under a policy requiring notice to insurer "as soon as practicable" as a condition precedent to a suit against the insurer. The Supreme Court of New Jersey stated:
"Since, as indicated above, performance of the conditions stated is made by the policy a condition precedent to recovery thereon, we are controlled by the rule that, in the absence of waiver or estoppel, neither of which are here advanced, the company is entitled to assert substantial non-performance of any condition as a defense to any proceeding against it on the policy, entirely without regard to whether or not it has been prejudiced by the default." (Citations omitted.)
The Court discussed and gave citations to cases from that and other jurisdictions wherein "as soon as practicable" or comparably construable phraseology had been held to have been violated by notice delays of periods ranging from 10 days to 3 1/2 months.
We are not unmindful that a fair construction of such a policy provision in application to a particular set of facts should take into consideration the purpose of the provision from the insurer's viewpoint as well as the problems of an insured in making compliance. While the question as to what is a reasonable time, depending as it does upon the surrounding circumstances, is ordinarily for decision by the trier of facts, yet when facts are undisputed and different inferences cannot reasonably be drawn therefrom, the question is for the court. Such is the situation in the instant case. The plaintiff admits in his complaint that he inquired at the St. Petersburg Police Station on February 6, 1956, concerning the summons which had previously been served on him at his home. The plaintiff was informed at that time that the plaintiff's car had struck the police officer's hand on December 12, 1955. The plaintiff thereupon deposited a $10 bond on the charge of "failing to reduce speed to avoid a collision," and subsequently forfeited this bond. Notwithstanding the events that took place on February 6, 1956, the plaintiff failed to notify the defendant of the accident until March 25, 1957. No extenuating circumstances whatsoever have been offered to explain this delay of approximately 13 1/2 months. A difference of weeks, and sometimes even days, in notification to an insurer of an accident may well determine the success and ability of the insurer in ascertaining the facts surrounding the accident.
The requirement of giving notice "as soon as practicable" has been construed to have not been complied with by an unnecessary delay of 46 days in Depot Cafe v. Century Indemnity Co., 321 Mass. 220, 72 N.E.2d 533, 534. Likewise in Jackson v. State Farm Mut. Auto. Ins. Co., La. App. 1945, 23 So.2d 765, 767, the Court held that notice requirement of "as soon as practicable" had not been complied with by a delay of 82 days and therefore the insurer was entitled to plead such delay as a bar to an action on the policy.
Numerous similar cases could be cited but such would not serve but to unduly lengthen this discussion. Limiting our consideration to the effect of the clause that the performance of the notice provision is a condition precedent to the right of action against the insurer, and the fact that the plaintiff did not notify the insurance *183 company of the injury until over a year thereafter, we hold as a matter of law that the appellant, defendant below, was not obligated under the policy, to defend the suit brought against the plaintiff by the injured party.
We reverse the lower court with instructions to enter judgment in favor of the defendant below.
KANNER, J., and PATTERSON, TERRY B., Associate Judge, concur.