EAGLE STAR INSURANCE CO., Ltd. v. MUSKOVITS, et al.

No. 61-C-13927.

Circuit Court, Dade County.

February 15, 1962.

Fowler, White, Gillen, Humkey & Trenam, Miami, for plaintiff.

Lawrence V. Hastings, Green & Hastings, Miami, for defendants Sadie and Harry Friedfeld.

Simon, Hays & Grundwerg, Miami, for defendants Alexander and Corinne Muskovits.

Wicker, Smith Blomqvist & Hinckley, Miami, for defendants Alexander and Corinne Muskovits and Royal Indemnity Co.

HAL P. DEKLE, Circuit Judge.

This cause was heard upon the motion to dismiss filed by defendants Alexander O. Moskovits and Corinne Moskovits, his wife.

The plaintiff, Eagle Star Insurance Co., Ltd., has brought a complaint for a declaratory decree under the provisions of chapter

87, Florida Statutes, alleging that its insureds, Alexander C. Moskovits and Corinne Moskovits, his wife, did not give proper "notice of occurrence" of an accident which occurred on or about June 3, 1960 in the residence of Alexander C. Moskovits. The complaint seeks a declaration of the plaintiff's rights under a comprehensive personal liability insurance policy that the plaintiff and the defendants Moskovits had entered into.

The complaint further states that notice of the accident was not given to the insurer (plaintiff) until on or about June 28, 1961, more than one year from the time of the accident, and that thereafter Sadie Friedfeld and Harry Friedfeld, her husband, did file suit against the defendants Moskovits on account of the accident of June 3, 1960, and that the defendant Alexander Moskovits has called upon plaintiff insurer to undertake its obligations of the comprehensive personal liability insurance policy.

The complaint does not allege any ambiguity in the insurance policy, which was attached thereto and is the basis of this action, but does pray for an adjudication of the respective rights of all parties to this policy.

After hearing argument of counsel, the court finds that the allegations do not present an ambiguity or doubt as to the meaning of the insurance contract in issue. The only doubt which was shown to exist was whether or not the defendants Moskovits gave proper "notice of occurrence" to the plaintiff Eagle Star Insurance Co., Ltd. They either did or did not as the facts reflect. The court should not be called upon to confirm or refute the result or to condone a party's action based on clearly existing facts. To do so would invite pre-determination of every factual situation prior to common law trials, to delay and compound the orderly processes of justice.

Plaintiff relies upon State Farm Mutual Automobile Insurance Co. v. Ransom (Fla. App. 2d, 1960), 121 So, 2d 175, wherein the District Court of Appeal for the Second District considered an action under the declaratory judgment act for an interpretation of rights under an automobile insurance policy in a factual situation similar to the instant case. In that case, however, the question of whether the court should assume jurisdiction was not directly raised or passed upon.

In Columbia Casualty Co. v. Zimmerman (1952), 62 So. 2d 338, the Supreme Court of Florida, sitting en Banc, held at page 340—

"There must be some doubt as to the existence or non-existence of some right, status, immunity, power or priv-

ilege, which may be at stake under a deed, will, contract, or other article, memorandum or instrument in writing. There is no doubt claimed or asserted due to any ambiguity in the insurance policy . . . " * * *

"The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the automobile was being driven with the knowledge and consent of the insured.

"The declaratory judgment statute cannot and should not be extended to cover any such situation."

In a more recent case, National Automobile Insurance Ass'n. v. Brumit (1957), 98 So. 2d 330, also involving the interpretation of an automobile insurance policy, brought under the declaratory judgment act, the Supreme Court of Florida, speaking through Mr. Justice Thornal, observed at page 332—

"Before concluding we wish to state that we have not considered and do not here pass upon the propriety of using the declaratory judgment proceeding in the instant case. This question certainly was not raised in this court and there is no indication by the record or briefs that the point was presented to the chancellor. We have therefore considered the record without determining this factor. We mention this so that those who might examine this opinion as a precedent will not conclude that we overlooked the opinion of this court in Columbia Casualty Co. v. Zimmerman, Fla. 1952, 62 So. 2d 338. The rule of that decision was not tendered for our consideration by the parties to this appeal."

It is to be noted that in the National Automobile Insurance Ass'n. case, supra, Mr. Chief Justice Terrell concurred, after having previously dissented in the Columbia Casualty Co. case.

Accordingly, State Farm Mutual Automobile Insurance Co. v. Ranson, supra, is to be distinguished because in that case the issue of the jurisdiction of the trial court under the declaratory judgment act was not raised. Inasmuch as the jurisdictional issue is directly raised here and is being considered, it is adjudged, ordered and decreed that the complaint is hereby dismissed.