## HALPERN v. BOSTON MANUFACTURERS MUTUAL INSURANCE CO.
### No. 109251.

Small Claims Court, Dade County.
October 8, 1963.

Sidney M. Aronovitz, Miami, for plaintiff.

William F. Johnson of Blackwell, Walker & Gray, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered in favor of the defendant, Boston Manufacturers Mutual Insurance Co. Plaintiff has failed to sustain the legal burden of proof by a preponderance of the evidence, and is not entitled to recover.

The evidence discloses that plaintiff (the insured) failed to comply with a pertinent provision of the contract of insurance (defendant's exhibit #1) which provides —

"Upon knowledge of loss under this peril or of an occurrence which may give rise to a claim for such loss, the insured shall give notice as soon as practicable to this company or any of its authorized agents and also to the police."

The insurance policy further provides —

*"Suit.* No suit or action on this policy sustainable in any court of law or equity *unless all of the requirements* have been complied with, and unless commenced within twelve months next after inception of the loss." (Italics added.)

The issue is governed by the principle of law applied in the case of Glens Falls Indemnity Co. v. Lingle (Fla. App. 2d Dist. 1961), 133 So.2d 78, 80; and in the earlier case of State Farm Mutual Automobile Insurance Co. v. Ranson (Fla. App. 2d Dist. 1960), 121 So.2d 175, 180.

See also: Hartford Fire Insurance Co. v. Redding (Fla.), 37 So. 62; South Carolina Insurance Company v. Atlantic Transport, Inc. (Del., 1961), 171 Atl. 2d 219.

In South Carolina Insurance Company v. Atlantic Transport, Inc., the Delaware Supreme Court, reversing the lower court judgment allowing recovery, stated at page 222 —

"We must bear in mind that in a case of insurance against theft the *requirements that prompt notice be given to the insurer and to the police are of very real importance to the company.* The prompt recovery of the articles may dispense with payment of the loss, and any recovery will protect the company's right of salvage. Moreover, prompt notice to the police is obviously a protection against fraudulent claims." (Italics added.)

The rationale and holding in the cases cited, supra, compels a finding that *"notice"* to the "company or . . . agents and also to the police" *is a condition precedent* to defendant insurer's *liability* and failure to comply therewith precludes recovery under the terms and conditions of the policy of insurance.

Moreover, no evidence has been adduced to reveal any conduct on the part of defendant insurance company that would legally justify a finding that defendant has waived the "notice" requirement or that defendant is estopped to assert the defense of failure to give "notice" as required by the policy.

It must, therefore, be concluded that the general principles of estoppel or waiver do not apply to the instant case.

For the reasons stated, and on the basis of the foregoing authorities, defendant company is not liable under the insurance contract involved herein.