REGAN, Judge.
The plaintiff, P. A. Menard, filed this suit against the defendant, Citizens Insurance Company of New Jersey, endeavoring to recover the sum of $6,500.00 representing the face value of a mortality floater policy covering the plaintiffs gelding horse, designated therein as Mountain Genius.
The defendant initially answered and generally denied the allegations of the plaintiff’s petition. Subsequently, the defendant filed a motion for summary judgment predicated on the fact that the animal’s death did not occur within the term of the policy; that the injury which it incurred during the policy period was not a fatal disease covered thereby; that no effort was made on the part of the plaintiff to obtain the defendant’s permission to destroy the animal in conformity with the provisions thereof, and finally that any benefits accruing to the plaintiff were forfeited by virtue of his failure to give notice to the company of the injury incurred by the gelding.
From a judgment of the lower court granting the defendant’s motion for summary judgment and dismissing the plaintiff’s suit, he has prosecuted this appeal.
The record reveals that the mortality floater policy which forms the subject matter of this litigation covered Mountain Genius for a period beginning on August 20, 1963, and ending on August 20, 1964.
In the early part of June, 1964, the animal incurred an injury to the hock of its left rear leg. The injury eventually developed into bursitis; however, the plaintiff continued to treat the animal on the theory that the bursitis was not serious and eventually could be cured. In reaching this conclusion, he relied, of course, on the opinion of the animal’s veterinarian.
It later became apparent that a cure of the bursitis would be impossible, and, therefore, it would be necessary to destroy the horse.
On or about January 13, 1965, a letter was addressed to the defendant requesting permission to destroy the animal. The defendant then denied liability for the reason that death would not occur during the policy period. The gelding was later destroyed *87 on the recommendation of a veterinarian and pursuant to the plaintiff’s instructions.
On the appeal hereof, the defendant has reiterated substantially the same defenses which he urged in the district court in his motion for summary judgment. That motion was predicated on depositions and an .affidavit, all of which make it perfectly ■clear that there is no genuine dispute of fact existing herein.
An examination of the record discloses that it is unnecessary that we elucidate upon .all of the defenses offered in resistance to this suit. It is sufficient for the purpose of reaching a decision herein to point out that under the terms of the policy the plaintiff’s failure to give the defendant notice ■of the injury sustained by Mountain Genius •precludes him from recovering therefor.
The relevant provision of the policy reads:
“Notice of Sickness or Injury. Section III. In the event of sickness of and/or injury to any animal insured hereunder, the Insured agrees to at once secure at his own expense the services of a licensed veterinarian, to ■give proper care and to use every possible means to save the life of the animal, and to at once give notice of such sickness or injury by telegraph to the Company at its office, Hartford Plaza, Chicago 6, Illinois, such notice to include the number of the policy, name of animal, nature of the sickness ■or injury, together with the date such injury or sickness was first discovered, .and the name and address of the veterinarian in attendance; and the Company shall not be liable for any loss where the Insured has failed to comply with the conditions of this section.”
The evidence adduced herein reveals without equivocation that no notice of any kind was given to the defendant or any •of its agents relative to the injury incurred by the plaintiff’s horse. The evidence does disclose, however, that the plaintiff gave verbal notification thereof to P. L. Milten-berger, a member of the firm of Milten-berger and Company, his insurance broker. Miltenberger related through the medium of a deposition that he had no connection whatsoever with the defendant, but on the contrary represented only the interest of the plaintiff. In explanation thereof, he asserted that he dealt with the defendant through one of its agents, Alvin Shepherd, and that he did not give notice to the defendant or its representative of the injury incurred by the horse.
The first notice which the defendant received which acquainted it with the fact that the horse had acquired bursitis was contained in an application for renewal of the policy on September 4, 1964, approximately two weeks after it had expired. This rather indirect notification consisted of a certificate by the plaintiff’s veterinarian certifying that the animal’s bursitis would not affect its life. Since the animal was conceded to be in this condition, the defendant refused to renew the policy.
Respective counsel agree that this case is res novo in Louisiana. However, the rationale of the jurisprudence emanating from several other states makes it quite clear that the notice provision which appears in the policy is material, in that it affords the insurer the opportunity to protect itself from unwarranted claims.
The coverage herein is obviously distinguishable from ordinary life insurance in that the life insured is that of an animal, and it is socially acceptable to destroy it in the event of serious illness. The notice provision, as we have said, is a material condition of the policy and we do not consider it to be unreasonable. Therefore, omitting to give the proper notice will result in a failure of recovery if the death of the animal was caused by the sickness or injury of which notice was not given.[1]
*88 In this case, the deposition of Milten-berger emphatically discloses that he was acting on behalf of the plaintiff and that he did not give notice of any kind either to the defendant or to its representative. Moreover, the plaintiff gave no notice to the defendant with the exception of a notation of “bursitis” which appeared in the application for a renewal of the policy, filed approximately two weeks after it had expired. Thus, it is obvious that the notice provision of the policy was, in effect, ignored by the plaintiff; consequently, we reach the inevitable conclusion that his suit was very properly dismissed by the trial judge.
For the foregoing reasons, the judgment of the lower court is affirmed. The plaintiff is to pay all costs incurred herein.
Affirmed.

. 45 C.J.S. Insurance § 066, p. 607.