SWANN, Judge.
A man in a bar falls from a bar stool. The bouncer picks him up and questions him to see if he is hurt, but the anesthetic effect of his drinking apparently causes him to feel no pain. The bouncer then removes the bar stool which has been broken in the process and the patron resumes his drinking for another hour or so.
A more sober appraisal of the events of the preceding night leads the patron to consult his attorney the next day and the patron then returns to the bar accompanied by another man, who is an investigator for his attorney. They ask to see the broken bar stool, but the bar’s day manager does not let them examine it, although it is still in the bar’s possession. Coincidentally, the day manager had been socializing in the *645 bar the previous night at the time of the fall and was aware of the incident.
Four and one-half months later, the patron’s attorney sends a letter notifying the bar of the patron’s claim for injuries and the bar then notifies its liability insurer of the accident for the first time. The insurer investigates under a reservation of rights and now seeks a declaratory decree that it has no obligations under the policy issued to the bar because the bar breached the notice provision of the policy.
Upon these facts, the chancellor ruled that the provision had been reasonably complied with and the insurer has taken this appeal. We reverse.
The policy contains the following provisions :

“7. Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.
“8. Notice of Claim or Suit: If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

“10. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy * * *."

The question before us is whether a reportable accident occurred; that is, whether under the circumstances the insured was required to have reported the incident “as soon as practicable” from the time of the fall, and if so, whether the notice met this requirement when finally given.
Appleman states [1] that:
“It has been held that the insured need not report every trivial accident, but if an ordinarily prudent individual acting reasonably would consider, under all the circumstances, that the accident was inconsequential and that no claim for damages would be made, notice need not be given to the insurer.
“The question of reasonableness must be determined on the basis of facts as they existed at the time of the controverted events, and compliance or noncompliance cannot be established by subsequent events. Notice is ordinarily required only in case of an accident producing an apparent bodily injury. But if the accident was sufficiently serious that it would lead a reasonably prudent man to believe that it might give rise to a claim for damages, notice is essential. * * * ”
* * * * * *
Whatever reasonable doubt there may have been over whether the accident was of sufficient consequence to warrant notification to the company should have been removed by the fact that the back of the bar stool was broken, that the patron fell, and that the patron returned the following day with another man to try to examine the broken bar stool. The day manager admitted in a statement given to Cosmopolitan’s representatives that a few nights after the fall he had been asked by the patron about insurance carried by the bar and that he was under the impression that the patron was trying to get up a claim. The bouncer and the day manager also admitted that they were instructed to give notice of all accidents.
Under these circumstances, notification was required at that point “as soon as *646 practicable.” Four and one-half months later, when the stool had long been repaired and the addresses of seven of the nine witnesses were not known, does not meet this requirement. See Midland National Insurance Company v. Watson, Fla.App.1966, 188 So.2d 403; Atlantic National Insurance Co. v. Johnson, Fla.App.1965, 178 So.2d 733; Hartford Accident and Indemnity Company v. Mills, Fla.App.1965, 171 So.2d 190; Morton v. Indemnity Insurance Co. of North America, Fla.App.1962, 137 So.2d 618; State Farm Mutual Auto. Ins. Co. v. Ranson, Fla.App.1960, 121 So.2d 175. Parenthetically, the bar has not attempted to introduce any evidence to indicate that the insurer was not prejudiced by the delayed notice. Cf. Bass v. Aetna Casualty and Surety Company of Hartford, Connecticut, Fla.App.1967, 199 So.2d 790, opinion filed May 23, 1967.
Accordingly this case is
Reversed.

. 8 Appleman, Insurance Law and Practice § 4743 (1963).