222 So.2d 206 (1969)
John TIEDTKE and Tommie Lee Thomas, Petitioners,
v.
FIDELITY & CASUALTY COMPANY OF NEW YORK, Respondent.
No. 37249.
Supreme Court of Florida.
April 23, 1969.
Rehearing Denied May 26, 1969.
*207 Monroe E. McDonald of Sanders, McEwan, Schwarz & Mims, Orlando, for petitioners.
Gurney, Gurney & Handley, Orlando, for respondent.
CARLTON, Justice.
This is a case involving an automobile liability insurance policy provision requiring that the insured give the insurer written notice of any accident "as soon as practicable."
Tiedtke, d/b/a Shawnee Farms, insured his farm vehicles through a liability policy with plaintiff Insurance Company. On March 30, 1964 Thomas, one of Tiedtke's employees, negligently struck and injured a pedestrian while operating an insured vehicle. The pedestrian, LaBuz, subsequently brought suit against Thomas and Larson, as a representative of Shawnee Farms. The suit was filed on July 17, 1964. On or about July 30 the Company received from Larson a terse description of the vehicle involved in the accident and his copy of the complaint.
The Company notified Tiedtke of the claim. On August 11 Tiedtke and the Company executed what is commonly referred to as a non-waiver agreement which, in effect, allowed the Company to investigate the claim without prejudice to its right to disclaim responsibility. Tiedtke was informed on August 18 that the Company had decided to defend against the claim, but on the condition that "* * * we are accepting the defense of this suit with reservation of and without prejudice to our right to disclaim or deny coverage at a later date."
Ultimately, the Company succeeded in having Larson replaced by Tiedtke as co-defendant with Thomas. The cause proceeded to trial. The defense of the suit was essentially the product of the Company's attorneys, although they were subject to some degree of supervision by Tiedtke's own independent counsel who was attached to the case. The defense was unsuccessful. LaBuz was awarded $16,034.10 in damages and costs in a verdict rendered on December 10, 1965.
The Company refused to satisfy this judgment, thus forcing Tiedtke to personally pay LaBuz in full the amount owed to him. Consequently, Tiedtke and Thomas, who was liable over to Tiedtke, brought a suit for indemnity against the Company. In essence, the Company's defense was that by the terms of its policy, written notice of any accident "as soon as practicable" was a condition precedent to its liability. By failing to notify the Company for three months after the accident, Tiedtke breached this condition and thus relieved the Company from any liability. The pertinent provisions of the policy relied on in this defense are set out in the margin.[1] Tiedtke *208 and Thomas asserted compliance with all policy conditions and maintained that the receipt of the complaint by the Company was "as soon as practicable" since Thomas did not know he was insured until he was notified of the suit, and Tiedtke, who did not reside on the Farm, did not know of the accident until he was notified by the Company in August.
The trial judge directed a verdict for the insureds in the indemnity suit, primarily because of his interpretation of who had the burden of proving compliance or noncompliance with the written notice condition. The District Court of Appeal, Fourth District, reversed for reasons given in its opinion reported at 207 So.2d 40 (4 DCA, Fla. 1968). The reasoning of the District Court which prompted its reversal is sound in light of the fact situation described in its opinion. Were it not for other factors which we deem controlling in this case, we would be satisfied to affirm.
The first factor to be considered is that of prejudice to the insurer. The District Court recognized that when an insured has failed to comply with notice requirements set out in a policy, this, of itself, does not necessarily terminate the insurer's liability. Accordingly, the Court noted that upon remand the insureds might wish to inject the question of prejudice into the case, whereupon they would have the opportunity to demonstrate that no prejudice to the insurer resulted from any delay which a jury might find to have occurred.
The operation of prejudice in a "written notice as soon as practicable" context has received mixed treatment both in Florida and in the Nation. When, as in this case, such notice is made a condition precedent to the insurer's liability, there is a split of authority among our sister states as to the effect of prejudice. The weight of authority is that when the condition is breached by delayed notice, the fact of the breach is, in itself, sufficient to negate the insurer's obligations without regard to whether or not the insurer has been prejudiced. State Farm Mut. Auto. Ins. Co. v. Cassinelli, 67 Nev. 227, 216 P.2d 606 (1950).
Many states, however, view this result as unfair and require that the insurer demonstrate that it has been prejudiced by delayed notice before it will be relieved of its liability. See, e.g., Security Ins. Co. v. Snyder-Lynch Motors, Inc., 183 Cal. App.2d 574, 7 Cal. Rptr. 28 (1960).
These divergent views are commented on at length in 13 Couch, Cyclopedia of Insurance Law 2d, § 49.126-7; Long, Law of Liability Insurance, § 13.03-7; and 8 Appleman, Insurance Law and Practice, § 4732, pp. 15-18.
In Florida, the delayed notice case most often cited as leading is American Fire & Casualty Co. v. Collura, 163 So.2d 784 (2 DCA, Fla. 1964), in which the Second District Court reexamined a previous delayed notice case which it had decided in 1960, State Farm Mut. Auto. Ins. Co. v. Ranson, 121 So.2d 175 (2 DCA, Fla. 1960). In Ranson, often noted as the first delayed notice case decided by a Florida appellate court, the District Court intimated that when a policy makes compliance with a written notice provision a condition precedent to the insurer's liability, no recovery can be had when timely notice is not given, i.e., where notice is not "as soon as practicable." Other courts then assumed that Ranson placed Florida in the category of States holding that prejudice is immaterial where notice is made a condition precedent. See, e.g., Maryland Casualty Co. v. Hallatt, 295 F.2d 64 (5th Cir.1961).
*209 Subsequently, the District Court had occasion to review Ranson in Collura, wherein the Court stated that the principle enunciated in Ranson was valid as an abstract proposition of law, but that the proper interpretation of the effect of prejudice in delayed notice cases was that while prejudice to the insurer is presumed, if the insured can demonstrate that the insurer has not been prejudiced thereby, then the insurer will not be relieved of liability merely by a showing that notice was not given "as soon as practicable." This appears to be the better view and we adopt it. Deese v. Hartford Accident & Indemnity Co., 205 So.2d 328 (1 DCA, Fla. 1967); Continental Casualty Co. v. Shoffstall, 198 So.2d 654 (2 DCA, Fla. 1967); Cosmopolitan Mut. Ins. Co. v. Midtown Corp., 200 So.2d 644 (3 DCA, Fla. 1967), in which the Collura result is parenthetically recognized; and, Niesz v. Albright, 217 So.2d 606 (4 DCA, Fla. 1969).
In the instant case, the District Court suggested that the issue of prejudice might be injected into the case on remand. However, a review of the trial transcripts clearly demonstrates to us that the issue was raised, and, furthermore, was explored in depth by counsel for both parties. The transcripts plainly illustrate that the Company was not prejudiced by receipt of notice via the complaint, even if the complaint was the Company's first notice. We note, for example, that the Company's adjuster stated that an investigation was undertaken only after it was requested by the Company's defense counsel several months after receipt of the complaint. Nothing indicates that immediate notice would have prompted an earlier investigation. Also, the Company's defense attorney admitted that either a written statement or deposition from every material witness had been obtained prior to trial. It is clear, therefore, that the purposes of the notice requirement were fully satisfied. See Long, supra, § 13.02 for discussion of what these purposes are. Mere speculation that prejudice may exist will not suffice when lack of prejudice is clearly demonstrated. Young v. Travelers Ins. Co., 119 F.2d 877 (5th Cir.1941).
Since we are of the opinion that prejudice has been raised as an issue and has already been resolved against the Company, we find that no useful purpose would be served by allowing the case to be retried. The result would be the same whether or not a jury would find that notice was sent "as soon as practicable" since the issue of prejudice has been raised and resolved.
The second factor which precludes us from affirming the District Court is the Company's obvious breach of its concurrent obligation to its insured to inform him of the fact of its disclaimer of liability within a reasonable time. We recognized in Bergh v. Canadian Universal Ins. Co., 216 So.2d 436 (Fla. 1968), that nonwaiver agreements are valid, but coupled this with a cautionary statement that such agreements do not have the unfettered power in all circumstances to supersede the doctrines of waiver and estoppel.
Here, the Company informed the insureds on August 18, 1964 that it would defend the suit, but on the condition that it could disclaim liability at a later date. From the date of the letter until December 1965, a period of a year and four months, the Company defended without actually disclaiming liability. Then, only after an adverse judgment was returned, it refused to satisfy the judgment. We think that the Bergh rationale clearly applies under these facts and the Company should not be allowed to withdraw. Further, under the facts of this case, we do not think a jury is required in order to come to this conclusion.
If an insurer intends to stand on any forfeiture reservation, it should inform the insured as soon as practicable after it has ascertained facts upon which it bases its forfeiture. In the instant case, it is apparent that many months before the *210 trial, the Company had gathered all the information it needed for either the defense of the suit or for raising the forfeiture issue and disclaiming liability. Each case of this nature must, of course, be considered on its own merits.
We note that the Company did institute a declaratory judgment proceeding to determine its liability under the policy on September 24, 1964. However, in May of 1965 the Company filed a motion for voluntary dismissal of the action, approximately seven months before the adverse judgment was rendered.
The final matter for our consideration concerns a request for expert witness fees. In the trial below, petitioner brought in the attorney who represented LaBuz, and the attorney who represented the Company, as witnesses regarding the prejudice issue. Both testified and both presented petitioner with bills as expert witnesses. The trial court refused to allow such fees as costs. The District Court did not discuss the matter.
We see no reason why an attorney who is brought into a case to testify as to matters of professional expertise should be deprived of a fee commensurate with fees given to other expert witnesses, when he is questioned, not only as a participant in a prior proceeding, but also as an expert to whom hypothetical questions are directed. A review of the record demonstrates that both petitioners' and respondent's attorneys recognized these witnesses as expert and questioned them accordingly. Therefore, we think the trial court erred in not granting the fees requested as costs to be assessed against the respondent.
For the reasons stated herein, the judgment of the District Court is quashed and this case is remanded to it for further proceedings not inconsistent with this opinion.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and ADKINS, JJ., concur.
BOYD, J., dissents.
NOTES
[1] "Notice of Accident  When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

"Action Against Company  No action shall lie against the company unless as a condition precedent thereto the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."