HENDRY, Judge.
Plaintiff-appellant (Bank) appeals the final judgment in a nonjury trial entered for defendant appellee (Insurer) in an action on a Banker’s Blanket Bond. Appellant’s claim was for damages for ap-pellees’ refusal to pay for a loss which it alleges was covered by the bond.
On October 7, 1966, six months after discovery of the loss,[1] appellant Bank noti *833 fied appellee Insurer and made claim under the bond. Notwithstanding the late notice given to the Insurer, the bank contends that: late notice alone will not relieve a bonding company from its obligations where the insured has used every effort to recoup the loss; a bonding company with full knowledge of the facts may not declare a forfeiture where it has not turned down the claim “as soon as practicable”; taking a note does not create a novation; an ambiguous deductible clause reduces a claim.
The trial court disagreed with the Bank’s position and found in favor of the Insurer. We agree with the trial court and affirm.
The Bank urges that the presumption of prejudice (which arises upon late notification of the Insured) was dissipated by its evidence. The trial court found as an ultimate finding of fact that the lack of prejudice was not demonstrated by the Bank; we find no reversible error. •
The policy in question provides that the insured must notify the insured Bank “ * * * at the earliest practicable moment after the discovery of any loss * * The loss sued upon was discovered on April 11, 1966, when the Bank learned the deposited check was worthless. The Bank did not notify the Insurer until six months after discovery of the loss. Numerous cases with similar notice provisions (e. g., “as soon as it is practicable”) have held a six month or less period is considered “late” notice. See Deese v. Hartford Accident & Indemnity Co., Fla.App.1967, 205 So.2d 328, 329 (four weeks); Morton v. Indemnity Ins. Co. of North America, Fla.App.1962, 137 So.2d 618 (six and one-half months); compare, Tiedtke v. Fidelity & Casualty Co. of New York, Fla., 222 So.2d 206, quashing Fidelity & Casualty Company of New York v. Tiedtke, Fla.App.1968, 207 So.2d 40 (four months).
We quote from the Tiedtke v. Fidelity & Casualty Co. of New York, Fla., 222 So.2d 206, 209, the 1969 case summarizing Florida’s position:
“Subsequently, the [Second] District Court had occasion to review Ranson [State Farm Mut. Auto Ins. Co. v. Ranson, Fla.App.1960, 121 So.2d 175] and Collura [American Fire & Casualty Co. v. Collura, Fla.App.1964, 163 So.2d 784], wherein the Court stated that the principle enunciated in Ranson was valid as an abstract proposition of law, but that the proper interpretation of the effect of prejudice in delayed notice ca'ses was that while prejudice to the insurer is presumed, if the insured can demonstrate that the insurer will not be relieved of liability merely by a showing that notice was not given ‘as soon as practicable.’ This appears to be the better view and we adopt it. Deese v. Hartford Accident & Indemnity Co., 205 So.2d 328 (1 DCA, Fla.1967); Continental Casualty Co. v. Shoffstall, 198 So.2d 654 (2 DCA, Fla. [App.] 1967); Cosmopolitan Mut. Ins. Co. v. Midtown Corp., 200 So.2d 644 (3 DCA, Fla. [App.] 1967), in which the Collura result is parenthetically recognized; and Niesz v. Albright, 217 So.2d 606 (4 DCA, Fla. [App.] 1969).”
*834 Here, the court, in its final judgment, found as a fact that the Bank did not show a lack of prejudice to the Insurer.
The Bank asserts a reciprocal argument that the Insurer’s notification of forfeiture under the bond was untimely. The record fails to indicate that this issue was before the trial court. However, without accepting the issue as valid on appeal, we note that the Bank quotes to us no cases raising a presumption of prejudice to the insurer for untimely notification of a forfeiture; see also 16A Appleman, Insurance Law and Practice § 9081, p. 283; Consolidated Mutual Insurance Co. v. Ivy Liquors, Inc., Fla.App.1966, 185 So.2d 187, cert. den. Fla., 189 So.2d 633 (6 month delay) showing that the general rule is that an insurer may only be estopped from claiming forfeiture upon a showing of detrimental reliance.
We have carefully examined the other points raised by appellant Bank, but we find that no reversible error has been demonstrated.
Affirmed.

. The loss arose under the following circumstances. Two days after becoming a Bank depositer, M. A. Steinhardt, through misrepresentations, succeeded in cashing an $8,600.00 check. Shortly, the Bank learned the original $17,800.00 check deposited was worthless. The Bank, immediately on contacting Steinhardt’s brother, learned that M. A. Steinhardt issued bad cheeks.
*833 The Bank arranged a meeting, and M. A. Steinliardt paid to the Bank $3,000.00 in cash and executed a short term promissory note for the remainder of the overdraft. Thus, at the time of this agreement, the Bank knew the culprit had refused to disclose financial data, possessed a bad credit rating, and had received a conviction for uttering a forged instrument. Yet, the Bank made no official attempt to discover what happened to the $8,600.00 which M. A. Steinhardt had received ten days before. The culprit defaulted on the note, the judgment went unsatisfied, he disappeared, and criminal charges were made, all to no avail.