451 So.2d 1005 (1984)
Mitchell WOLFSON, Jr., Louis Wolfson, III, Sylvan Myers, Arthur H. Hertz and Stanley L. Stern, Personal Representatives of the Estate of Mitchell Wolfson, Deceased, Appellants,
v.
The INSURANCE COMPANY OF FLORIDA and Central National Insurance Company of Omaha, Appellees.
No. 83-1407.
District Court of Appeal of Florida, Third District.
June 19, 1984.
*1006 Starr W. Horton, Miami, for appellants.
Beckham & McAliley and James S. Robertson, Miami, Raggio, Jaffee, Kayser & Hunting and Laurie R. Rockett and Leo Kayser, III, New York City, for appellees.
Before HUBBART, BASKIN and JORGENSON, JJ.
PER CURIAM.
The final judgment under review is reversed and the cause is remanded to the trial court for a new trial upon a holding that: (1) the trial court abused its discretion in allowing the defendant insurers herein to call at trial two material witnesses not listed in their pre-trial catalog because: (a) the trial court's pre-trial order required both parties to exchange the names and addresses of all material witnesses, except impeachment witnesses, whom the parties expected to call at trial, (b) the aforesaid witnesses omitted from the insurers' pre-trial catalog were substantive, not impeachment witnesses, called by the defendant insurers on the central issue tried below, to wit: whether the said insurers were prejudiced by the plaintiff-insured's late notice concerning the illness of the insured horse, (c) based on this record, the plaintiff-insured was surprised and prejudiced when these witnesses were called at trial in violation of the trial court's pre-trial order, Binger v. King Pest Control, 401 So.2d 1310 (Fla. 1981); (2) the trial court's error in allowing the above two material witnesses to testify cannot be considered a harmless error inasmuch as their testimony was relevant to what we consider a legitimate issue under Florida law concerning whether the insurers were prejudiced by the late notice herein, Tiedtke v. Fidelity & Casualty Co. of New York, 222 So.2d 206 (Fla. 1969); (3) the plaintiff insured on this record was not entitled to a summary judgment on the above-stated central issue concerning the prejudice issue and the trial court committed no error in denying his motion for summary judgment herein.
We are unaware of any Florida cases which limit the effect of the Tiedtke decision in the manner suggested by the dissent; moreover, we see nothing in the Tiedtke decision itself which supports such a proposed limitation. If, in fact, the defendant insurers have not been prejudiced by the insured's failure to comply with the notice of injury or damage provisions of an insurance policy, Tiedtke plainly holds that *1007 the said insurers should not be relieved of all liability under the policy. The fact that the notice in question is required to be made before, rather than after, the loss in question is suffered should make no difference, as in either event the defendant insurers have not been prejudiced in any way. We are further persuaded that even if this proposed limitation be valid, it should be for the Florida Supreme Court, rather than this court, to adopt such a limitation. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
As an aside, we are not impressed with the argument that the result we reach in this case will have any adverse impact on insurance rates in Florida. No such showing has been made in the record or briefs in this case, and indeed, the issue has not even been argued by any of the parties herein. We also note the defendant insurers have filed no cross-appeal contending that they were entitled to summary judgment in this case, and make no argument with respect to the exclusion of witnesses issue that the error herein was harmless because they were entitled to a summary judgment in their favor.
Reversed and remanded for a new trial.
BASKIN, Judge (dissenting).
I respectfully dissent from the majority opinion which overturns a jury verdict in favor of the insurance company and remands for a new trial to afford appellant an opportunity to demonstrate the absence of prejudice to the insurer.
The parties agree that Wolfson intentionally failed to furnish the notice required by the insurance contract:
1. NOTICE OF SICKNESS OR INJURY:
In the event of any illness, disease, lameness, injury, accident or physical disability whatsoever of or to an insured animal the Assured shall immediately at his own expense employ a qualified Veterinary Surgeon, to give proper care and to use every possible means to save the life of the animal and THE ASSURED SHALL IMMEDIATELY GIVE NOTICE. (PLEASE REFER TO CLAIM INFORMATION CARD ATTACHED TO THIS POLICY FOR SPECIFIC INSTRUCTIONS) TO THE COMPANY (WHO WILL INSTRUCT A VETERINARY SURGEON TO EXAMINE THE ANIMAL IF DEEMED NECESSARY) AND ANY FAILURE BY THE ASSURED TO DO SO SHALL RENDER THE ASSURED'S CLAIM NULL AND VOID AND RELEASE THE COMPANY FROM ALL LIABILITY IN CONNECTION THEREWITH, WHETHER THE ASSURED HAS PERSONAL KNOWLEDGE OF SUCH EVENTS OR SUCH KNOWLEDGE IS CONFINED TO THE REPRESENTATIVES OF THE ASSURED OR OTHER PERSONS WHO HAVE CARE, CUSTODY AND CONTROL OF THE ANIMAL(S).
The decision in Tiedtke v. Fidelity & Casualty Co. of New York, 222 So.2d 206 (Fla. 1969), relied on by the majority, concerned the failure of the insured to give timely notice of an accident. Tiedtke presented a situation significantly different from the facts before us. Other cases in Florida agree that a showing of prejudice is necessary when the event rendering the insurer liable has already taken place. Holinda v. Title and Trust Co. of Florida, 438 So.2d 56 (Fla. 5th DCA 1983); Ideal Mutual Insurance Co. v. Waldrep, 400 So.2d 782 (Fla. 3d DCA 1981). In those circumstances, the insurer is unable to prevent the occurrence resulting in the loss. On the other hand, in this case, the notice requirement in the contract, a livestock mortality policy, permits the insurer to prevent the loss and claim by allowing the insurer to employ its own veterinary assistance. In accordance with this position, a Texas statute requiring a showing of prejudice when the insurer asserts a defense of lack of notice was held inapplicable to a notice of illness clause in a livestock mortality insurance policy. In Circle 4 Stables, Inc. v. National Surety Corp., 451 S.W.2d 564 *1008 (Tex.Civ.App. 1970), the court stated:
The notice provision obviously is for the benefit of the insurer in that the company may have the opportunity of securing its own chosen veterinarian to attend the animal.
Other jurisdictions have enforced the notice requirements of livestock mortality insurance contract. Hough v. Kaskaskia Live Stock Ins. Co., 230 Ill. App. 341 (1923); Hartford Live Stock Ins. Co. v. Henning, 206 Ky. 9, 266 S.W. 912 (1924); Menard v. Citizen Ins. Co. of N.J., 184 So.2d 85 (La. App. 1966); Patti v. Monarch Ins. Co. of Ohio, 92 Misc.2d 888, 401 N.Y.S.2d 682 (N.Y. Sup. Ct. 1977). Contra Hood v. Fireman's Fund Ins. Co., 412 F. Supp. 846 (S.D.Miss. 1976).
In my view, this court should decline to extend the rule of Tiedtke to livestock mortality policies. It takes little imagination to speculate on the effect on insurance rates for Florida horsemen if this rule is implemented. Apart from the increased loss to insurance companies unable to mitigate damages, the threat that every insurance claim will be subject to litigation to determine the existence of prejudice will probably escalate rates for livestock mortality insurance in Florida. The burden of notifying the insurer, either by phone call or letter, is minimal.
This court rendered inconsequential the failure to comply with insurance agreements, and its opinion may spell disaster for Florida's efforts to entice the breeding industry to locate in this state. If Florida is to compete with other states, it is important that these contracts be construed in the same manner as in other breeding states. For these reasons, I conclude that the insurer was entitled to summary judgment on the merits. I therefore would not reach the issue of failure to disclose impeachment witnesses. Even if that testimony is deemed substantive, the question of failure to disclose the names of the witnesses does not arise when summary judgment is granted in favor of the insurer.