# OLD REPUBLIC INSURANCE COMPANY v DARRAH
## Case No. 88-456-CA
Seventh Judicial Circuit, Flagler County

May 25, 1990

### APPEARANCES OF COUNSEL

**Herbert Kraft, Esquire,** for plaintiff.
**Clifford A. Taylor, Esquire,** for defendant, Patrick Darrah.
**Irwin A. Connelly, Esquire,** for defendant, Donna Darrah.

### OPINION OF THE COURT

KIM C. HAMMOND, Circuit Judge.

### *FINAL JUDGMENT*

(Reserving Jurisdiction)

This cause came on to be heard before the Court in a non-jury trial on the 18th day of April, 1990. Based on the evidence adduced at trial the Court finds as follows:

I. On the Issue of Negligence, Liability and Damages:

That Patrick Darrah failed to exercise reasonable care in the opera-

tion of his boat under the circumstances of this case and that his negligence proximately caused permanent bodily injury to Donna Darrah. Taking into consideration the known inexperience of his passenger, the type and size of his boat, the likelihood known to him, but not obvious to his inexperienced passenger, of a wake encounter, he failed to adequately instruct or warn Donna Darrah of the precautions she should take in the event of such an encounter, he traveled at an excessive speed for the conditions and failed to take available action to avoid or mitigate the impact with the wake which resulted in his boat going "airborne" or nearly so, and throwing his passenger and the makeshift seat upon which she had been placed to the floor of the boat resulting in her receiving a fractured vertebrae. As a direct and proximate result of the negligence of Patrick Darrah, Donna Darrah has suffered a 10-12% permanent disability of the body as a whole, and suffers permanent pain and interference with her normal household duties and routine, normal work activities and diminishment in her previous leisure activities. She continues to have problems some three years after the accident and the unrefuted medical evidence establishes the permanency of her condition. She has a life expectancy of 23.1 years. She has lost income in the amount of $1800.00 and has incurred medical expenses in the amount of $2505.55 as a direct and proximate result of the aforesaid negligence. The Court does not find any future economic loss. Based upon a consideration of the amount of loss, injury and damage sustained by her as a result of the incident complained of, to date as a result of bodily injury, pain and suffering and loss of capacity for the enjoyment of life the Court finds damages incurred to date in the amount of $7,000.00 and the Court finds because she is reasonably certain to experience in the future as a result of her bodily injury, pain and suffering and loss of capacity for the enjoyment of life, future damages in the amount of $5,000.00. The Court, therefore, as and for economic, present and future damages awards total damages in the amount of $16,305.55.

II. On the issue of coverage:

From the facts adduced at trial there is clear and convincing evidence that Old Republic has suffered no prejudice in this case by the delay in reporting. There are two possible areas where the Company could have been prejudiced, being:

a. Prejudice in investigation of the accident, and;

b. Prejudice in investigating injuries.

At trial competent and substantial evidence was adduced to show that an independent investigation was done by the Florida Wildlife

Officer, Guy Banks. The testimony established that even had the incident been reported to the Company within a matter of hours, no further information or witness would be available than there are presently. In light of the overwhelming evidence of lack of prejudicial effect, then the Florida Supreme Court case of *Tiedkey v Fidelity and Casualty Company of New York,* 222 So.2d 206 (Fla. 1969) is controlling.

> ". . . the proper interpretation of the effect of prejudice in delayed notice cases [is] that while prejudice to the insured is presumed, if the insured can demonstrate that the insurer has not been prejudiced thereby, then the insurer will not be relieved of liability merely by a showing that notice was not given 'as soon as practicable.' " *Id.,* at 209.

No testimony was adduced at trial as to what if anything the Company would have done differently or in addition to that done by the State investigators and, the testimony of the Officer established that those facts ascertainable on the day of the incident were still available at the time of trial. The identity of the other boat would not have been ascertainable within several hours after the incident. Likewise on the medical aspect of the case, *Tiedke, supra,* is again controlling. The injured person was taken immediately to the emergency room. X-rays revealed tangible physical evidence of the fracture which is the root physical cause of her medical problems. The Company has had available all medical reports, and has had the opportunity for an independent medical exam, of which it has chosen not to avail itself. Although the matter was not reported to the Company as soon as practical, it was reported to the investigating officers and to the emergency medical providers on the day of the incident. In short, the Court finds that the facts surrounding the incident have been established by credible testimony and verified by independent evidence, that the injuries complained of are substantiated by competent medical evidence and that an earlier reporting of the incident to the company would not have altered the facts or the position of the Company in this case.

Based on the evidence adduced at trial and the stipulations of the Parties, the Court finds in favor of DONNA DARRAH, Cross-plaintiff, against PATRICK DARRAH, Cross-defendant, on the issues of liability, negligence and damages, and the Court likewise finds in favor of PATRICK DARRAH and DONNA DARRAH and against OLD REPUBLIC INSURANCE COMPANY, on the issue of coverage, it is thereupon,

ORDERED, ADJUDGED AND DECREED as follows:

104

1. That **DONNA DARRAH** have and recover from **PATRICK DARRAH**, the sum of $16,305.55, for all of which let execution issue.

2. That the Court declares that **OLD REPUBLIC INSURANCE COMPANY**, owes a duty of coverage to **PATRICK DARRAH** for the incident that is the subject of this action and that the Company is not relieved of its duty of coverage under the facts of this action.

3. The Court reserves jurisdiction for determination of entitlement and amount of attorney fees and costs incurred by any prevailing party.

ENTERED, this 25th day of May, 1990, at the Flagler County Courthouse, Bunnell, Florida.