137 So.2d 618 (1962)
Josephine MORTON, Appellant,
v.
INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellee.
No. 2503.
District Court of Appeal of Florida. Second District.
February 9, 1962.
Granvel S. Kirkland, of Miller, Cone, Owen, Wagner & Nugent, West Palm Beach, for appellant.
R. Bruce Jones, of Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
KANNER, Judge.
Review is sought of a final summary judgment entered by the trial court in a garnishment proceeding, pursuant to motion by the garnishee, Indemnity Insurance Company of North America. Basis for the *619 motion was that the company was under no financial nor legal obligation to defendant, Lora K. Harris, its insured, against whom judgment had been awarded.
The injuries for which redress was sought by Josephine Morton, the plaintiff, were sustained when, at an apartment rented by her from defendant Harris, an explosion took place as the result of gas escaping from a stove while plaintiff was attempting to light the oven. Another facet of the same cause is now before this court, styled Morton v. Hardwick Stove Company, case number 1998, 138 So.2d 807. Litigational background of both appeals was a suit instituted by plaintiff in the circuit court for personal injuries caused by the accident, with the stove company and Lora K. Harris named as defendants. The defendant Harris did not answer the complaint and a default judgment was entered against her, although the stove company took issue and proceeded to trial. Jury verdict was returned against the two defendants and in favor of the plaintiff in the amount of $100,000, but judgment by the court was rendered for the stove company notwithstanding the verdict, and it is from this judgment that the other appeal mentioned above is now pending. The garnishment pursued against the insurance company was given impetus through failure of the defendant Harris to pay the judgment. Mrs. Harris has no part in this appeal; the controversy is solely between the insurer and the plaintiff.
Denying liability to its insured, Mrs. Harris, the garnishee bases its defense upon the failure of defendant Harris to comply with the notice requirements of the policy.[1] The contention is that this failure absolved the insurance carrier from any obligation connected with the cause, since the policy expressly provides that written notice of an accident must be given to the insurance carrier "as soon as practicable", and moreover, the notice is specified to be a condition precedent to a right of action against the insurer by the insured on a claim under the policy.
The issue resolves itself into a question of whether under the terms and conditions of the policy, notice was given to the insurer as soon as practicable following the injury of plaintiff. The trial court, deciding the problem against plaintiff, in its summary judgment found that she, on May 23, 1958, was injured on premises she rented from the garnishee's insured, but that notice of the accident was first given to garnishee on December 9, 1958, after suit was actually filed on December 5, 1958, and summons served on December 8, 1958, about six and one-half months from the accident. The court continued by pointing out that the insured's son, designated by her as her agent to take care of the property, was given full and complete authority to act on her behalf and that the insured testified that her son discussed the accident with her within approximately a month following the time when it transpired. It was further set out that the son, an attorney, had notice of the accident not later than the day following its occurrence. The record reveals that he *620 conducted an investigation upon being informed of the accident, examining the apartment and stove and taking photographs. He arrived at the conclusion, according to his deposition, that no liability existed and therefore took no action toward notifying garnishee insurer.
Reliance is placed by garnishee insurer upon the case of State Farm Mutual Automobile Insurance Co. v. Ranson, Fla. App. 1960, 121 So.2d 175. In that case, this court, construing clauses in an accident insurance policy identical to the present one, determined that the failure to notify the liability insurer until over a year after the accident would not amount to a notice as soon as practicable under the policy. The court followed the principle that where a liability policy expressly makes a timely notice of an accident a condition precedent to an insurer's liability no recovery can be had when this prerequisite has not been fulfilled.
Two reasons are given by plaintiff in support of her position that the notice provision was not violated. The first is that the time which elapsed between the accident and the notice given is less than that declared through the Ranson case to be violative of a notice requirement identical to the one here; the second is that the insured had no actual knowledge of the accident until the suit was filed. As to knowledge, according to her own testimony, the insured knew of the accident within about a month subsequent to it; and by the depositions of both herself and her son, the son was acting as her agent to take care of all the business of the property. Under the agency relationship, therefore, the insured was bound by her son's action or inaction; and his knowledge of the accident eventuated as early as the day following its occurrence. His belief vel non as to the question of liability is immaterial, since the policy required that the insurance carrier be alerted in writing "when an accident occurs," and such notice, given as soon as practicable, was clearly stated to be a condition precedent. Six and one-half months, under the circumstances, does not fall within the "as soon as practicable" provision of the policy. With respect to the question of what constitutes notice as soon as practicable, decisions indicating varying periods of time as being reasonable or unreasonable are collated in annotation, 18 A.L.R.2d 443, particularly sections 16 and 17, pp. 466-470.
There being no genuine issue of material fact, the trial judge correctly decided on summary judgment that the insurance carrier had been relieved from liability by the dereliction of defendant insured in conveying notice of the accident to the carrier.
Affirmed.
SHANNON, C.J., and WHITE, J., concur.
NOTES
[1] "1. Notice of Accident-Coverages A, B and C. When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"2. Notice of Claim or Suit-Coverages A and B. If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.
"3. * * *
"4. Action Against Company-Coverages A and B. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."