SWANN, Judge.
This is an appeal by the garnishee, Atlantic National Insurance Co., from a final *734 judgment in favor of the garnishor, Anna C. Johnson. The parties will be referred to hereinafter as Atlantic and Johnson.
On September 23, 1963 Johnson filed a writ of garnishment after judgment, alleging that she had obtained a judgment in the sum of $4,753.75 against Charles Lynch, and that Atlantic was liable for the judgment by virtue of an automobile liability insurance policy it had issued to Lynch, which covered the accident giving rise to the claim and judgment.
Atlantic answered, denying any debt or obligation to Lynch or Johnson. It alleged that Lynch had failed to comply with the requirements and conditions contained in the policy of insurance and by virtue of such breach, was not obligated to pay the judgment.
■ The policy contained the following conditions :
******
"3. Notice: In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. In the event of theft the insured shall also promptly notify the police. If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or •other process received by him or his representative.
******
“6. Action Against Company — Part I: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured’s obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and- the company.”
* * * * * *
The facts giving rise to this judgment are briefly as follows. On May 6, 1959, while the policy was admittedly in full force and effect, an automobile owned by Lynch and another automobile were involved in an accident with Johnson. Lynch, believing that he was not at fault and that the insurance carrier of the other automobile (Allstate) would repair his automobile, did not report the accident to Atlantic. Allstate refused to repair the automobile and on October 31, 1960 (seventeen months later) notified Atlantic of the accident. Atlantic alleges that this was the first notice they received and denied liability for failure to comply with the requirements and conditions of the policy. Subsequently, Johnson’s cause against Lynch proceeded to judgment and garnishment proceedings were filed by Johnson against Atlantic.
Both sides moved for summary judgment in those proceedings and the court denied the motions. The cause then came on for trial before the court sitting with a jury. A verdict of $5,262.38 (this represented $4,753.75 plus accrued interest) was returned and final judgment entered for that award in favor of Johnson. A final judgment for costs and attorney’s fees in the amount of $1,537.50 was entered. Timely motions for a new trial and for a judgment in accordance with a motion for directed verdict were denied.
Atlantic timely appealed the final judgments contending, generally, that the court erred in failing to direct a verdict for it at the completion of the garnishor Johnson’s case, and by the entry of the final judgment as it was established through testimony that Lynch failed to comply with the policy conditions and Johnson failed to demonstrate by any evidence that the notice provisions had been met. The imposition *735 of costs and attorney’s fees was also assigned as error.
Johnson contends that in view of the provisions of the financial responsibility law, Chapter 324, Florida Statutes, F.S.A., an automobile insurer may not invoke the failure of its insured to give notice or forward suit papers as a defense to an action brought against the insurer by an innocent member of the public injured by the negligent operation of the insured vehicle; and .that in any event, the appellant had waived this defense.
A similar question was thoroughly discussed in Hartford Accident and Indemnity Company v. Mills, Fla.App.1965, 171 So.2d 190, wherein the court stated:
# ifc #
“Where, as in this case, the policy provisions required the insured to give timely notice as a condition precedent to the insurer’s liability, the insurer is not liable where such notice is not given. State Farm Mutual Automobile Ins. Co. v. Ranson, 121 So.2d 175 (Fla.App.2d 1960). See also Morton v. Indemnity Insurance Co. of North America, 137 So.2d 618 (Fla.App.2d 1962), 18 A.L.R.2d 443, 452; 7 Am. Jur.2d, Automobile Insurance, Sec. 141; 45 C.J.S. Insurance § 1055. In Ranson the failure of the insured to give notice of accident until the lapse of one year was held to be a breach of the policy provision and judgment for the insured was reversed. In Dunn v. Travelers Indemnity Co., 123 F.2d 710 (C.A. 5th 1941), the appellate court sustained a declaratory judgment in favor of the insurer where it appeared the notice was not given until 22 months after the accident.
“In the Morton case, supra, the insured asserted as excuse for failure to give the notice his belief that under the facts no liability existed. The insured took no action toward notifying the insurer until after suit was actually filed by the injured party against the insured. In sustaining a summary judgment for the insurer, the Second District Court of Appeal held that
“ * * * belief vel non as to the question of liability is immaterial, since the policy required that the insurance carrier be alerted in writing ‘when an accident occurs,’ and such notice, given as soon as practicable, was clearly stated to be a condition precedent. Six and one-half months, under the circumstances, does not fall within the ‘as soon as practicable’ provision of the policy. With respect to the question of what constitutes notice as soon as practicable, decisions indicating varying periods of time as being reasonable or unreasonable are collated in annotation, 18 A.L.R.2d 443, particularly sections 16 and 17, pp. 466-470.’ ”
******
In the instant case more than seventeen months had elapsed before appellant received notice of the accident by a telephone call from another insurance-company (Allstate). Approximately one year and a half had elapsed before appellant received a detailed letter from Allstate regarding the accident. Under these circumstances the policy clause requiring that written notice of the accident be given-“as soon as practicable” was breached when the insured failed to notify the insurer, and seventeen months elapsed before notice was given by another insurance company. The only excuse for the delay was that the insured thought the other insurance company was going to pay for the damages.
Appellee argues that even if the insured breached the condition precedent in-the policy as to notice, that this defense was waived by the insurer. Reliance for this position is based upon a letter from one. of appellant’s adjustors to his immediate supervisor. We do not believe that an interoffice letter, expressing an opinion of *736 ■one employee to another, which opinion is never communicated to a third party, or acted on by him, is sufficient to constitute a waiver or estoppel. Here, there was no intentional or voluntary relinquishment of a known right but only an opinion from one person to his immediate supervisor. Under these circumstances, we do not find a waiver or estoppel of any of appellant’s rights under the policy.
Appellee asserts that where an insurance policy was issued in compliance with the financial, responsibility law, the failure to give notice of the accident does not constitute a defense to an action by an injured member of the public to recover from the insurer. She asserts that such a holding is consistent with and a logical extension of the decisions in Howard v. American Service Mutual Insurance Co., Fla.App.1963, 151 So.2d 682, and Lynch-Davidson Motors v. Griffin, Fla.App.1965, 171 So.2d 911. We have carefully reviewed the decisions in Howard and Lynch-Davidson, supra, and do not find that they are authority for such a holding as requested by appellee.
Having determined that the failure of an insured to give notice to the insurer, without a valid excuse for over seventeen months after an accident- violates the “as soon as practicable” notice provision of the policy; it is not necessary for us to determine the validity of the award of attorney’s fees challenged by the appellant.
The decision of the trial court is therefore
Reversed.