188 So.2d 403 (1966)
MIDLAND NATIONAL INSURANCE COMPANY, Appellant,
v.
Clyde Gary WATSON, a Minor by His Next Friend, Thelma J. Gainey, Formerly Known As Thelma J. Watson, and Le Jeune Road Hospital, Inc., a Dissolved Florida Corporation, Appellees.
No. 65-914.
District Court of Appeal of Florida. Third District.
June 28, 1966.
*404 Dean & Adams, Miami, and Jeanne Heyward, Miami, for appellant.
George N. MacDonell and Charles F. Wells, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
This is an appeal by the garnishee-insurer, Midland National Insurance Company, from a summary final judgment in favor of the plaintiff, Clyde Gary Watson, a minor, by his next friend Thelma J. Gainey, formerly known as Thelma J. Watson.
The plaintiff was injured on February 25, 1961, due to his wrongful discharge from the defendant-insured, Le Jeune Road Hospital, Inc. An action was filed against the hospital in August, 1961 which resulted in an award of $5,000 compensatory damages to the plaintiff and $10,000 punitive damages in favor of the plaintiff's mother. On appeal, this court affirmed the award of compensatory damages but reversed the award of punitive damages.[1]
The policy of insurance contained provisions requiring the insured to give timely notice of an accident or a claim against the insured as a condition precedent to the insurer's liability.
The first notice of the injury and the law suit given to the insurer, as the professional liability and malpractice insurer of the hospital, was the receipt of the amended complaint on January 10, 1963. On January 11, 1963, the insurer sent a letter to the office of the attorney for the hospital in which it was stated that the insurer was handling the matter under a complete reservation of rights due to the delay in reporting the incident and other factors regarding coverage. On February 14, 1963, the insurer's attorney notified the attorney for the hospital that the insurer was handling the defense of the law suit under a reservation of rights due to the delay in notification. Following the judgment, the insurer and the hospital signed a non-waiver agreement to permit a full defense and appeal without incurring any admission of liability of the insurer under its policy, and to preserve without estoppel, waiver or forfeiture any of the rights to any of the parties to the agreement.
After the appeal, plaintiff filed a complaint for supplementary relief against the insurer which, upon stipulation, was treated as a writ of garnishment. The lower court found that the defenses of the insurer, though well pleaded, were precluded as a matter of law by the doctrine of estoppel.
The insurer contends that the lower court erred in finding that its defenses were precluded by the doctrine of estoppel since it conducted the defense of the law suit only after notifying the hospital it was doing *405 so under a complete reservation of rights.
The plaintiff asserts that the proper procedure for the insurer to follow is to notify the plaintiff of its reservation of rights in advance of trial or else its rights under the policy are waived.[2] Plaintiff's assertion is contrary to the well established rule that, "an insurer may, by timely notice to the insured, reserve its right to claim that the policy does not cover the situation at issue, while defending the action."[3]
The evidence in the record shows that the insurer informed the hospital by letter of its position the day after it received notice of the injury and the law suits.
We conclude from this that the insurer did give timely notice of its position to the insured. Thus, the lower court erred in finding that the insurer's defenses were precluded by the doctrine of estoppel.
The evidence also indicates that the hospital did not notify the insurer until approximately twenty-three months after the injury occurred and seventeen months after the law suit was filed.
We have determined from the facts and circumstances of this case that as a matter of law this was not timely notice which is a condition precedent to the insurer's liability.[4]
For the reasons stated the judgment appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] Le Juene Road Hospital, Inc. v. Watson, Fla.App. 1965, 171 So.2d 202.
[2] Columbia Casualty Co. v. Thomas, 20 F. Supp. 251 (N.D.Fla. 1937).
[3] O'Dowd v. American Surety Co. of New York, 3 N.Y.2d 347, 165 N.Y.S.2d 458, 463, 144 N.E.2d 359, 363 (1957) and cases cited therein.
[4] Atlantic National Insurance Co. v. Johnson, Fla.App. 1965, 178 So.2d 733; Hartford Accident and Indemnity Company v. Mills, Fla.App. 1965, 171 So.2d 190; Morton v. Indemnity Insurance Co. of North American, Fla.App. 1962, 137 So.2d 618; State Farm Mutual Automobile Ins. Co. v. Ranson, Fla.App. 1960, 121 So.2d 175.