WALDEN, Chief Judge.
This is an appeal by the defendant insurance company from a final judgment entered in favor of plaintiff, Ruth P. Conley, individually and as Guardian ad litem of Christopher Conley, her minor son. We affirm.
Plaintiff-appellee in this declaratory action seeks a determination that defendant is bound by a certain contract of insurance. At issue is whether notice was given by the insured to the insurer “as soon as practicable” under the terms of the policy.
On October 1, 1960, Christopher Conley, while playing in the warehouse loft of Deerfield Builders Supply, Inc., negligently caused a fire which damaged the warehouse and its contents. Plaintiff made a search through her papers but could find no policy of insurance covering possible liability for this fire. In this connection it should be *619 noted that, prior to his death in 1958, Mr. Conley had handled most of the insurance matters touching the Conley family. After his death Mrs. Conley continued in force the policies he had obtained by paying the renewal premiums each year.
Deerfield Builders Supply, Inc., made demand upon plaintiff January 10, 1961, for damages resulting from the fire. In November 1961, after another search, Mrs. Conley found a comprehensive personal liability policy issued by defendant which had been purchased by her late husband in 1956 or 1957. She served defendant with written notice on November 27,1961. ■
In her complaint for declaratory decree, plaintiff alleged that at the time of the occurrence of the fire she made reasonable and diligent effort to determine whether she and her son were covered by comprehensive liability insurance, but that the policy had been mislaid and she mistakenly concluded she had no coverage.. Defendant denied these allegations and affirmatively alleged that the plaintiff had failed to comply with the policy provision which required that written notice sh^ll be given by the insured to the company “as soon as practicable.”
It is the contention of the insurer that the trial court’s finding that notice was given as soon as practicable under the circumstances is contrary to the weigh| of the evidence.
A foremost consideration in questions of this kind is the principle that the province of the appellate court is not to reevaluate conflicting evidence introduced at trial. “The test is not what an appellate court would have decided had they been on the jury or sitting as a judge trying the facts. The test is whether or not they can say, after reviewing the case most favorably toward the successful litigant, that the triers of fact, as reasonable men, could not have found as they did.” Maloy, Fla. Appellate Prac. & Proc., § 10.14.
With the above in mind, we must affirm on the basis that the record contains sufficient competent evidence to support the trial court’s conclusion that the notice was timely under a policy provision which requires no more than that notice be made “as soon as practicable.”
Affirmed.
ANDREWS, J., and WILLIS, BEN C, Associate Judge, concur.