205 So.2d 328 (1967)
W.W. DEESE, Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.
No. I-478.
District Court of Appeal of Florida. First District.
December 19, 1967.
*329 O.O. McCollum, Jr., of Thames & McCollum, Jacksonville, for appellant.
Charles Cook Howell, Jr., Jacksonville, for appellee.
WIGGINTON, Chief Judge.
Appellant sued appellee for breach of an automobile liability insurance policy. From a judgment entered upon a jury verdict in favor of appellee, this appeal is taken.
The sole question presented for decision is whether appellant's delay in notifying appellee of the accident involving his insured vehicle constituted such a violation of the policy as to relieve appellee from liability thereunder.
The policy in question contains the following provision:
"1. Notice of Accident: When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place, and circumstances of the accident, the names and addresses of the injured and of available witnesses.
* * * * * *
"8. Action Against Company: No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy, * * *"
Appellant's truck was involved in a collision with another vehicle resulting in damages to the latter and personal injuries to its driver. Appellant learned of this event within two or three days after it occurred, but failed to notify appellee until after suit was filed against him approximately four weeks thereafter. Appellee declined to defend the suit and disclaimed any further liability on the ground that appellant's delay in notifying it of the accident constituted a material breach of the policy thereby releasing it from liability.
*330 The action sub judice was instituted by appellant to recover the amount of the judgment he was required to pay the injured third party, together with attorneys' fees incurred in the defense of that action. The complaint alleges the performance of all conditions precedent entitling appellant to the relief sought. Appellee's answer denied performance by appellant of all conditions precedent to recovery, and affirmatively alleged breach of the policy resulting from appellant's failure to notify it of the accident as soon as practicable after it occurred.
During the trial appellant proffered testimony seeking to establish that he did not consider the accident to be sufficiently serious to warrant reporting it because (1) of its apparent triviality; (2) only property damage appeared to be involved which was promptly paid; and, (3) the investigating officer made no report of the accident.
In construing provisions of insurance contracts such as the one considered herein by which compliance therewith is a condition precedent to liability, the courts of Florida have uniformly held that no recovery may be had unless timely notice is given. In State Farm Mutual Automobile Ins. Co. v. Ranson[1] the Second District Court of Appeal held:
"The purpose of a provision for notice and proofs of loss is to enable the insurer to evaluate its rights and liabilities, to afford it an opportunity to make a timely investigation, and to prevent fraud and imposition upon it. * * *
* * * * * *
"* * * It appears to be well settled that where the liability policy makes the insured's failure to give timely notice expressly the ground of forfeiture, or compliance therewith a condition precedent to the insurer's liability no recovery can be had where timely notice has not been given. * * *
"A policy provision as to the time when notice of an accident must be given such as `as soon as practicable,' which is involved in the instant case, has been construed to mean that notice is to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case. * * *
* * * * * *
"* * * A difference of weeks, and sometimes even days, in notification to an insurer of an accident may well determine the success and ability of the insurer in ascertaining the facts surrounding the accident."
The belief of appellant that the accident occurred under such circumstances as to not warrant its being reported to appellee has been held insufficient to justify noncompliance with the notice provision of an insurance policy. In Morton v. Indemnity Insurance Co. of North America[2] the Second District Court of Appeal held:
"* * * belief vel non as to the question of liability is immaterial, since the policy required that the insurance carrier be alerted in writing `when an accident occurs,' and such notice, given as soon as practicable, was clearly stated to be a condition precedent. * * *"
To permit an insured to justify his delay in complying with the notice of accident provision of his policy by the bare assertion that the person with whom he collided did not appear to be injured and therefore he thought that no liability would be asserted against the policy would render *331 ineffectual the delayed notice provisions of all insurance policies as well as the established principles of law which require compliance with them. Upon consideration of the foregoing authorities we conclude, and so hold, that the trial court was correct in excluding the proffered evidence by which appellant sought to excuse himself from the necessity of complying with the notice of accident provision of the insurance contract.
Appellant also sought to neutralize the effect of his failure to comply with the notice provision of the policy by proffering evidence tending to establish that he notified appellee as soon as he heard that the third party motorist was claiming damages for personal injuries sustained in the collision, and that appellee was not prejudiced by the delay because all witnesses to the accident were always available for its use in defending the action. This proffered evidence was excluded upon objection by appellee, which ruling appellant urges is erroneous. Appellant contends that if appellee was not prejudiced by the delay, then it is not relieved from liability under its policy, the question of prejudice being an issue for jury determination.
In delayed notice cases in which compliance with the provisions of the insurance policy is made a condition precedent to liability, the courts of Florida have held that prejudice to the insurer is presumed and therefore not an issue with which the court will be concerned. In the Ranson case, supra, the Second District Court of Appeal said:
"In Miller v. Zurich General Accident & Liability Ins. Co., 36 N.J. Super. 288, 115 A.2d 597, 600, certain derivative claimants on an automobile liability policy brought an action against the insurer and the named insured. The lower court had found against the claimants and they appealed on the question of whether three weeks was an unreasonable delay in reporting an accident under a policy requiring notice to insurer `as soon as practicable' as a condition precedent to a suit against the insurer. The Supreme Court of New Jersey stated:
"`Since, as indicated above, performance of the conditions stated is made by the policy a condition precedent to recovery thereon, we are controlled by the rule that, in the absence of waiver or estoppel, neither of which are here advanced, the company is entitled to assert substantial non-performance of any condition as a defense to any proceeding against it on the policy, entirely without regard to whether or not it has been prejudiced by the default.' (Citations omitted.)"[3]
In American Fire and Casualty Company v. Collura[4] the court was concerned with an interpretation of clauses in a liability insurance policy requiring the insured to cooperate with the insurer in any claims made under the policy and to forward to the insurer any demand or suit papers received by the insured. In speaking generally of those provisions contained in insurance policies which require the insured to take affirmative action in protection of the rights of the insured under the policy, the court said:
"In such cases involving breach of the `notice' clauses (i.e., the `delayed notice' cases), the courts are very seldom concerned with the question of prejudice to the insurer; * * *
* * * * * *
"However, when the issue of prejudice is injected into `delayed notice' cases, most courts follow the rule that the insurer *332 is not required to show that it was prejudiced by the breach of the notice clauses. * * * Appleman delineates and explains the views as follows:
"`Many courts have adopted the rule that it is unnecessary for the company to show that it was prejudiced by the neglect of the insured in order to assert this policy defense [breach of the "notice" clauses], it being frequently stated that prejudice is presumed under these circumstances. This does not mean that upon a showing of delay, alone, the insurer walks out of court free of potential claims. It means, rather, that prejudice being a difficult matter affirmatively to prove, it is not required to make such proof. Prejudice may be presumed, with the burden upon the one seeking to impose liability to show that no prejudice did, in fact, occur * * *' (Emphasis added.) 8 Appleman, Insurance Law and Practice, § 4732, pp. 15-17."
Thus it is that in delayed notice cases no burden rests on the insurer to show that it was prejudiced by the insured's delay in giving the notice as required by the terms of the policy. However, when the issue of prejudice is properly injected into the case, the burden rests upon the one seeking to impose liability to show that no prejudice did, in fact, occur.
Turning to the case sub judice a careful review of the record reveals that the issue of prejudice was never properly injected in the case. No such issue was framed by the pleadings, nor was it tried by either the express or implied consent of the parties.[5] All evidence proffered by appellant relating to the question of prejudice was excluded by the court upon objection by appellee, and no motion was made by appellant during the trial to amend his complaint so as to raise an issue of prejudice in the case. Since the issue of prejudice was never properly injected into the case, the trial court was correct in excluding the evidence proffered by appellant designed to prove this issue.
From the foregoing it is seen that the sole error complained of on this appeal is the ruling of the trial court excluding from evidence the testimony proffered by appellant which sought to establish an excuse for not reporting the accident because he believed that no liability existed. He premised this conclusion on the fact that the accident was trivial, the property damage caused through his fault was promptly paid, and the investigating officer made no report of the accident to his superiors. The excluded evidence has been held by the courts of this state to be irrelevant and immaterial as a matter of law, and not sufficient justification for a policyholder to fail to promptly report an accident involving his vehicle as required by his insurance policy. All other evidence of extenuating circumstances which might tend to excuse appellant from reporting the accident promptly after it occurred, and which might have shown that he did report the accident within a reasonable time as required by his insurance policy, was considered by the jury in reaching its verdict. The trial judge properly charged the jury on the meaning of the term "as soon as practicable" as contained in the insurance policy, and permitted the jury to determine whether appellant had complied with the requirements of his policy as it relates to the necessity of reporting the accident. The jury found against appellant on this issue, and there is no contention that the court's instruction to the jury on the law pertaining to this issue was erroneous.
We have not overlooked the well-considered decision in Continental Casualty Company v. Shoffstall[6] recently rendered by the Second District Court of Appeal. This case involved the issue of whether notice of an injury covered by the insurance *333 policy in that case had been given to the insurance company by the insured within the time limited by the policy. In Shoffstall the trial judge, sitting as the trier of the facts, specifically found from the evidence that there were valid extenuating circumstances which excused the insured from notifying the insurance company of the injury he received within the time limited by the policy. From the evidence the court found that the company had been notified of the accident as soon as practicable after it occurred, even though the notice was beyond the twenty-day time limitation specified in the policy. In so holding the court cited with approval from the decision of State Farm Mutual Automobile Ins. Co. v. Ranson[7] as follows:
"* * * a policy provision as to the time when notice of an accident must be given such as, `as soon as practicable,' has been construed to mean that notice is to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case."
In the case sub judice the jury, by its verdict, found from the evidence that appellant had not given notice of the accident out of which his claim arose within a reasonable time as required by the provisions of the insurance policy sued upon. The court did not err in excluding from the jury's consideration that evidence which has been held as a matter of law to be irrelevant, immaterial, and no justification for delay in giving the notice of accident as required by the terms of an insurance policy. The judgment appealed is accordingly affirmed.
SPECTOR, J., concurs.
JOHNSON, J., dissents.
JOHNSON, Judge (dissents):
I cannot agree with the conclusion reached by the esteemed majority of this court in affirming this case, for these reasons:
The question of giving notice of an accident, "as soon as practicable," is a very broad term. These words take into consideration many circumstances other than mere elapse of time. In the instant case, had the appellant Deese been out of the city wherein his business was located and the alleged accident occurred, and had had no actual knowledge of the accident until after the suit was filed, which in this case, was less than 30 days after the accident, could it be said that the appellant did not act as soon as practical when his first notice of the accident was the filing of the suit? Yet the time elapse is the same, but the term practicable takes into consideration many factors. Among the factors which I think have a bearing upon the question of "as soon as practicable" are: the fact that the investigating police officer thought the accident so trivial as not to report it; the fact that the slight property damage was settled almost instantly without any indication of any personal injuries being even involved, much less claimed, as damages.
The appellee, on one hand lays great stress upon the decisions involving the fact of prejudice caused by the "delayed notice," claiming that it is not necessary to show prejudice, only the time element, yet on the other hand, in its reply to appellant's supplemental brief, it recognizes the lack of prejudice as an element when it used this language: "whereas in Shoffstall there was little, if any, likelihood that the company would be prejudiced by any delay in notifying them of an injury, in our case, and in all cases, involving automobile accidents, the likelihood is great that the company will be prejudiced unless it is promptly notified of the accident."
In Shoffstall,[1] the accident involved a football player hurt accidentally. The real *334 injury later complained of was apparently not particularly noticeable at the time of the accident, many months prior to the actual notice to and claim made to the insurer. The policy in question contained a provision as to notice more rigid than that contained in the policy involved in the case sub judice, to wit: "Written notice of injury upon which claim is based must be given to the Company within twenty days after the date such injury occurred." [Emphasis added.]
The policy in Shoffstall contained a further provision as to notice which rendered such provision very similar to that contained in the policy in the suit sub judice, to wit:
"Failure to furnish notice or proof within the time provided in this policy shall not invalidate or reduce any claim if it shall be shown not to have been reasonably possible to furnish such notice or proof and that such notice or proof was furnished as soon as was reasonably possible." [Emphasis added.]
In Shoffstall the trial judge found the injury to have occurred November 9, 1964, from which the injured party was hospitalized from about March 3, 1965 to March 24, 1965. No notice was given to the insurance company until May 1965. The trial court, from the above facts, and in entering its judgment, specifically found that notice was given within a reasonable time after plaintiff became aware of the injury, and the company was not prejudiced by the delay. More than six months elapsed between the date of injury and notice, and more than 60 days elapsed between the date the injured party entered the hospital and date of notice to the insurer, in spite of a 20 day notice provision or the "as soon as was reasonably possible" provision. I think this decision fits the facts of the case sub judice on all fours.
The appellant was unaware of any personal injury which could possibly involve the insurer appellee herein, until the suit was filed and from that point there can be no question about giving the notice to the appellee as soon as practicable thereafter.
I agree with and think a very strong and controlling case is that of Employers Casualty Company v. Vargas, 159 So.2d 875, (Fla.App.2d, 1963) wherein is found this statement:
"As stated in State Farm Mutual Auto. Insurance Co. v. Ranson, FlaApp., 121 So.2d 175 (1960), cited by both parties, a policy provision as to the time when notice of an accident must be given, such as, `as soon as practicable' has been construed to mean that notice is to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of the particular case.
"Under the circumstances in this case, we cannot say that it has been made to appear that the very able trial judge was in error in holding in effect that the insured had given notice of the accident `as soon as practicable.'"
Also, I agree that the facts in the present case bring the determination thereof within what I think to be sound law as stated in and cited by the court in Shoffstall, supra, 198 So.2d at page 656 as follows:
"And in American Fire and Casualty, this same 2nd District Court, after quoting the above inserted portion of Employers Casualty, commented:
`In such cases involving breach of the "notice" clauses (i.e., the "delayed notice" cases), the courts are very seldom concerned with the question of prejudice to the insurer; rather, the primary considerations are usually those indicated by the following quotation from 7 Am.Jur.2d Automobile Insurance, § 143:
"`Policy provisions as to the time when notice of an accident must be given take a variety of forms such as "immediate," "prompt," "forthwith," "as soon as practicable," and "within a reasonable time." But the exact phraseology *335 used seems to make very little, if any, difference, and it is well settled that none of these expressions require an instantaneous notice but rather they call for notice to be given with reasonable dispatch and within a reasonable time in view of all the facts and circumstances of each particular case. As to what constitutes a reasonable time within which to give such notice, no general rule can be made, since this question depends upon the facts and circumstances of each particular case.'"
It therefore does not appear essential whether the question of prejudice or lack of prejudice is pleaded or not. The sole question is the reasonableness of the time in view of all the facts and circumstances of the particular case. Certainly in the case sub judice, the fact that the investigating police officer failed to report the accident because of being so inconsequential, and the further fact that no personal injury was complained of at the time, has a very strong bearing upon the reasonableness of the time within which notice was given and appears to me to be sufficient reasonable excuse for default in serving notice or proof of loss sooner as required by the literal terms of the policy. Franklin Life Ins. Co. v. Tharpe.[2]
The trial court gave a correct instruction to the jury on the question of the meaning of "as soon as practicable" but then proceeded to refuse to allow into evidence facts having a proper bearing on the very determination of the terms "as soon as practicable," when the court refused to permit the appellant-plaintiff to introduce extenuating circumstances as to why the notice was given at the time it was given and not sooner. I think the trial court erred in holding that the only question of reasonable time was the number of days which elapsed. It is true that the jury found from the evidence that appellant had not given notice of the accident as soon as practicable, but my contention is that the extenuating circumstance should have been given to the jury so that the jury could then determine whether or not notice was given as soon as practical after taking into consideration "all the facts and circumstances." (Employers Casualty Company v. Vargas, supra). I think the trial court was in error in holding that the only question of time was the elapse of the number of days. This is directly in conflict with a number of Florida decisions.
For the reasons stated, I must dissent from the majority opinion and would reverse and remand for a new trial in which all the facts and circumstances could be considered by the jury.
NOTES
[1] State Farm Mutual Automobile Ins. Co. v. Ranson, (Fla.App. 1960) 121 So.2d 175, 180, 181, 182.
[2] Morton v. Indemnity Insurance Co. of North America, (Fla.App. 1962) 137 So.2d 618, 620.

See also this court's decision in Hartford Accident and Indemnity Company v. Mills, (Fla.App. 1965) 171 So.2d 190, in which we reached the same conclusion as that reached in the Morton case.
[3] State Farm Mutual Automobile Ins. Co. v. Ranson, supra note 1.
[4] American Fire and Casualty Company v. Collura, (Fla.App. 1964) 163 So.2d 784, 792.

See Hartford Accident and Indemnity Company v. Mills, (Fla.App. 1965) 171 So.2d 190, 194, 195.
[5] Rule 1.190(b), R.C.P 1967, 30 F.S.A.
[6] Continental Casualty Company v. Shoffstall, (Fla.App. 1967) 198 So.2d 654.
[7] State Farm Mutual Automobile Ins. Co. v. Ranson, (Fla.App. 1960) 121 So.2d 175.
[1] Continental Casualty Company v. Shoffstall, 198 So.2d 654 (Fla.App.2d, 1967).
[2] Franklin Life Ins. Co. v. Tharpe, 130 Fla. 546, 178 So. 300.