207 So.2d 40 (1968)
The FIDELITY & CASUALTY COMPANY OF NEW YORK, a Foreign Insurance Company Licensed to Do Business in Florida, Appellant,
v.
John TIEDTKE, Individually and d/b/a Shawnee Farms and Tommie Lee Thomas, Appellees.
No. 1250.
District Court of Appeal of Florida. Fourth District.
February 1, 1968.
Rehearing Denied March 4, 1968.
*41 Leon Handley and Fred M. Peed, of Gurney, Gurney & Handley, Orlando, for appellant.
Monroe E. McDonald, of Sanders, McEwan, Schwarz & Mims, Orlando, for appellees.
McCAIN, Judge.
Appeal is brought by the defendant, The Fidelity & Casualty Company of New York, from a final judgment for plaintiffs, John Tiedtke, individually and d/b/a Shawnee Farms, and Tommie Lee Thomas. We reverse.
Plaintiff Tiedtke was the insured under an automobile liability insurance policy issued by the defendant. On March 30, 1964, Tiedtke's employee, the plaintiff Thomas, was involved in an accident while driving a motor vehicle owned by Tiedtke. Four months later, on July 30, 1964, a pedestrian injured in the accident filed an action for damages against Tiedtke and Thomas. Suit papers were forwarded to the defendant, which defended the action under a reservation of rights. Following judgment for the pedestrian in the negligence suit the plaintiffs instituted this indemnity action against the defendant. Their complaint contained a *42 general allegation of compliance with all conditions precedent under the liability policy, as permitted by F.R.C.P. 1.9(c) (now 1.120(c)), 30 F.S.A., as well as a specific allegation of supplying written notice. Defendant admitted the names of the parties and the existence of the insurance policy, entered a general denial, and in addition, specifically denied the plaintiffs' compliance with the policy requirement of notice of the accident, a condition precedent.
The cause proceeded to trial before a jury, primarily on the issue of whether or not plaintiffs had sufficiently complied with the policy provision requiring them to furnish written notice of an accident as soon as practicable. At the trial there was conflicting testimony as to whether or not the accident was reported to the defendant. An employee of Tiedtke stated that he and Thomas had filled out an accident report form shortly after the accident, but added he could not be certain the report was ever mailed to the defendant's agent, although he assumed he had mailed it. Defendant's agent testified that the first report he received was the notification that suit had been filed, nearly four months after the accident. At the close of the evidence the court directed a verdict for plaintiffs stating that the defendant had failed to sustain its burden of proof on the special defense of failure to notify.
Policy provisions requiring notice of accidents to the insurer have produced considerable litigation in Florida. It is clear that when an insured fails to supply timely notice of an accident as required by his policy, there can be no recovery against the insurer. State Farm Mutual Automobile Insurance Co. v. Ranson, Fla.App. 1960, 121 So.2d 175. Where, as here, the policy requires notice as soon as practicable, whether or not notice was timely will depend upon all the facts and circumstances of the individual case. State Farm Mut. Auto. Ins. Co. v. Ranson, supra. Once it is determined that notice was not given within a reasonable time, prejudice to the insurer is presumed. American Fire & Casualty Co. v. Collura, Fla.App. 1964, 163 So.2d 784. Then, he who would seek to impose liability on the insurer bears the burden of showing that no prejudice did, in fact, occur. Deese v. Hartford Accident and Indemnity Company, Fla.App., 205 So.2d 328, First District Court of Appeal of Florida, opinion filed December 19, 1967; Alabama Farm Bureau Mutual Casualty Insurance Company v. Harris, Fla.App. 1967, 197 So.2d 567. None of the Florida decisions, however, deal directly with the question of who carries the initial burden of proving compliance or non-compliance with the condition precedent of timely written notice. The trial court apparently felt that because the defendant specifically alleged that the plaintiffs had failed to furnish timely notice it therefore carried the burden of proof. With this we cannot agree.
F.R.C.P. 1.9(c) (now 1.120(c)) relieves a claimant of the task of specifically alleging that all conditions precedent have occurred or been performed. The same rule requires that to contest the satisfaction of a condition precedent an insurer must enter a specific denial. The effect of this rule is not to shift the burden of proof from the one who asserts the affirmative to the one who asserts the negative. cf. Storm v. Lumbermans Mutual Casualty Company, D.C.S.D.Cal. 1946, 6 F.R.D. 355. The rule is intended to facilitate pleading in cases involving conditions precedent by relieving the claimant of the onerous chore of alleging and proving the satisfaction of each and every condition while at the same time preventing a general denial from being sufficient to put compliance with such conditions at issue.
Thus once the defendant specifically denied that the plaintiffs performed the required condition precedent of furnishing written notice of the accident as soon as practicable, the matter was at issue and the plaintiffs had the burden of showing compliance with the condition. Henderson v. Hawkeye-Security Insurance Co., 1960, 252 Iowa 97, 106 N.W.2d 86; Mason v. Allstate *43 Insurance Company, 1960, 12 A.D.2d 138, 209 N.Y.S.2d 104; Muncie v. Travelers Insurance Company, 1960, 253 N.C. 74, 116 S.E.2d 474; American Fidelity Company v. Hotel Poultney, 1954, 118 Vt. 136, 102 A.2d 322; 8 Appleman, Insurance Law and Practice, § 4732, p. 19. If compliance is not shown then prejudice to the insurer is presumed and it will incur no liability under the policy. Hartford Accident and Indemnity Company v. Mills, Fla.App. 1965, 171 So.2d 190; American Fire and Casualty Company v. Collura, supra.
Although prejudice to the insurer is presumed and non-liability follows a failure to prove the giving of notice as contemplated by the policy, nevertheless where the issue of prejudice becomes injected into the case, liability may yet still be imposed upon the insurer by the claimant who, upon appropriate pleading or through trial of the issue by consent, has the burden of showing that no prejudice did in fact occur. Deese v. Hartford Accident & Indemnity Company, supra; American Fire & Casualty Company v. Collura, supra.
In holding that a party asserting liability of an insurer carries the burden of proving the insured's compliance with a condition precedent of written notice of an accident we intend no broader holding than is necessary to our decision. Other requirements that are made conditions precedent by an insurance contract may admit of particular difficulty in affirmative proof of satisfaction, or they may be less well defined than the requirement of written notice and thus more subject to abuse as a device of forfeiture. In such cases public policy may well dictate that the insurer must carry the burden of showing non-compliance, prejudice, or both, notwithstanding the policy categorization as a condition precedent.[1] But in the situation before us we can see no reason for departing from the contractual terms making written notice a condition precedent to the insurer's liability. Proof of compliance with such a notice requirement, which will often resolve itself into proof of an adequate excuse for an otherwise unreasonable delay, is not without the ordinary knowledge and information of a claimant nor peculiarly within that of the insurer. In fact the opposite is more likely to be the case. Nor can it be denied that prejudice will normally result from a delay in notice. We hold as we do ever mindful of the adhesive nature of the modern insuring agreement and the above policy considerations of ease of proof and potential for unreasonably causing a forfeiture.
In the case now before us the evidence was conflicting. The defendant claimed and introduced testimony to the effect it was never notified of the accident until it received the suit papers some four months after the accident. Yet plaintiffs introduced testimony from which it could be inferred that notice was mailed shortly after the accident. With the burden of proof resting on the plaintiffs, we are of the opinion that a directed verdict was improper. The case should have gone to the jury to determine whether or not the plaintiffs *44 had furnished the defendant written notice of the accident as soon as practicable. Two questions were presented. First, whether the plaintiffs had mailed the accident report form, and second, assuming not, whether notice being furnished some four months after the accident was as soon as practicable under all circumstances. See Employers Casualty Company v. Vargas, Fla.App. 1964, 159 So.2d 875.
Upon remand if the claim of no prejudice is properly injected into the case in the manner above stated then the plaintiffs may attempt to prove that no prejudice resulted from any unreasonable delay that may be found to have occurred. See Deese v. Hartford Accident & Indemnity Co., supra.
Having determined that the case must be reversed we need not consider defendant's other points on appeal.
Reversed and remanded for further proceedings consistent with this opinion.
CROSS and REED, JJ., concur.
NOTES
[1] See American Fire & Casualty Co. v. Collura, Fla.App. 1964, 163 So.2d 784, in which the court points out the different treatment accorded a written notice requirement, vis-a-vis a cooperation clause. The former is relatively specific and non-compliance will in all likelihood result in prejudice to the insurer. The threat that forfeiture for a breach of a notice requirement will be unconscionable is minimal. Making written notice a condition precedent, therefore, is not unreasonable. But in the case of the more abstract cooperation clause, first, compliance is not easy to demonstrate, and, second, there is a very real danger of an unreasonable forfeiture for a technical breach if the clause is strictly implemented as a condition precedent. In recognition of this Collura permits enforcement of a notice provision as a condition precedent, the safeguard against its use as an unjust penalty being that a claimant who cannot prove compliance can show that the breach was non-prejudicial. But in the case of a potentially unconscionable cooperation clause the insurer bears the burden of showing a material breach resulting in prejudice.