217 So.2d 606 (1969)
Mildred E. NIESZ, Appellant,
v.
Eddie L. ALBRIGHT, Alan Wayne Albright, Alexander Watkins and Iowa Mutual Insurance Company, a Foreign Corporation Authorized to Do Business in the State of Florida, Appellees.
No. 1548.
District Court of Appeal of Florida. Fourth District.
January 15, 1969.
*607 Joel T. Daves III, of Paty, Downey, Lewis & Daves, Palm Beach, for appellant.
Samuel H. Adams and John R. Beranek, of Jones, Adams, Paine & Foster, West Palm Beach, for appellant-Iowa Mut. Ins. Co.
OWEN, Judge.
Mildred Niesz recovered a judgment against Watkins for personal injuries arising out of an automobile collision, following which she brought a garnishment action against Iowa Mutual Insurance Company as the liability insurance carrier on the Watkins' vehicle. Iowa Mutual [which had defended Watkins in the personal injury action under a non-waiver agreement] denied any obligation to pay the judgment on the grounds that Watkins had breached the policy condition requiring notice of an accident "as soon as practical". The court entered summary judgment in favor of Iowa Mutual from which Mildred Niesz appeals.
On consideration of the motion for summary judgment the court had before it certain depositions. These depositions clearly established without factual issue that the first notice of the accident which Iowa Mutual received came approximately nine months after the accident when Watkins delivered suit papers to the insurer. This was clearly not "as soon as practical"[1] in the absence of some justifying or extenuating circumstances.[2] Watkins knew that his vehicle had been involved in a collision and he knew that "if he hit anybody" he should notify his insurance company promptly. Consequently, his testimony that he did not hit anybody when considered with his statement that he was sideswiped, can only be interpreted as meaning that in his opinion he was not at fault and hence not obligated to report the accident. This is not an extenuating circumstance which would legally justify failure to give timely notice[3] and therefore the court correctly determined that Watkins had breached this condition of the policy.
However, the issue of prejudice was injected into this case by either the expressed or implied consent of the parties,[4] and argued in the respective briefs.
*608 When the issue of prejudice is injected into delayed notice cases, as it was here, prejudice to the insurer is presumed thus relieving the insurer of the burden of proving such prejudice[5] and placing the burden upon the one seeking to impose liability to show that no prejudice did, in fact, occur.[6] At trial the burden of proving the absence of prejudice to the insurer would fall squarely on the appellant.
But this matter was presented to the court, not for trial of the issues, but on the insurer's motion for summary judgment. At hearing on such motion the moving party had the burden of showing conclusively the absence of any genuine issue of material fact.[7] From the depositions which were before the court an inference could fairly and reasonably be drawn that even though Watkins waited approximately nine months to give notice of the accident, the delayed notice did not prejudice the insurer because an investigation conducted immediately following the accident would not have disclosed anything materially different from that disclosed by the delayed investigation, and thus the outcome of the liability suit would not have been different had the notice of accident been received timely. Such an inference is at least sufficient to dissipate the presumption[8] so as to make an issue for the trier of fact. The existence of this genuine issue of material fact precludes disposition of the case by means of summary judgment. The summary judgment is reversed and the cause remanded for further proceedings.
Reversed.
REED, J., and KING, JAMES L., Associate Judge, concur.
NOTES
[1] Boyd v. Pennsylvania National Mutual Cas. Ins. Co., Fla.App. 1967, 195 So.2d 259; Atlantic National Ins. Co. v. Johnson, Fla.App. 1965, 178 So.2d 733; Hartford Accident & Indemnity Co. v. Mills, Fla.App. 1965, 171 So.2d 190; Morton v. Indemnity Ins. Co. of North America, Fla.App. 1962, 137 So.2d 618; Cf. State Farm Mutual Automobile Ins. Co. v. Ranson, Fla.App. 1960, 121 So.2d 175.
[2] Continental Cas. Co. v. Shoffstall, Fla. App. 1967, 198 So.2d 654; Employers Casualty Co. v. Vargas, Fla.App. 1964, 159 So.2d 875; cf. St. Paul Mercury Ins. Co. v. Conley, Fla.App. 1967, 201 So.2d 618.
[3] Deese v. Hartford Accident & Indemnity Co., Fla.App. 1967, 205 So.2d 328; Atlantic National Ins. Co. v. Johnson, Fla. App. 1965, 178 So.2d 733; Hartford Accident & Indemnity Co. v. Mills, Fla. App. 1965, 171 So.2d 190; Morton v. Indemnity Ins. Co. of North America, Fla. App. 1962, 137 So.2d 618.
[4] Fidelity & Casualty Co. of New York v. Tiedtke, Fla.App. 1968, 207 So.2d 40; Deese v. Hartford Accident & Indemnity Co., Fla.App. 1967, 205 So.2d 328.
[5] American Fire & Cas. Co. v. Collura, Fla.App. 1964, 163 So.2d 784.
[6] Fidelity & Cas. Co. of New York v. Tiedtke, Fla.App. 1968, 207 So.2d 40; Deese v. Hartford Accident & Indemnity Co., Fla.App. 1967, 205 So.2d 328; Bass v. Aetna Casualty & Surety Co., Fla.App. 1967, 199 So.2d 790; Hartford Accident & Indemnity Co. v. Mills, Fla.App. 1965, 171 So.2d 190.
[7] Holl v. Talcott, Fla. 1966, 191 So.2d 40.
[8] Gulle v. Boggs, Fla. 1965, 174 So.2d 26.